[S. F. No. 302.   Department One. —December 31, 1896.]

## A. A. BURKE, APPELLANT, *v.* GEORGE McCOWEN, RESPONDENT.

MAP OF TOWN ADDITION—IMPLICATION OF SURVEY NOT EXPRESSED—DISPUTED BOUNDARY OF LOTS—EVIDENCE OF STAKES.—A map of an addition to a town implies that the addition has been surveyed, and that the map is based upon such survey, and that such survey was marked upon the ground so that the streets, blocks, and lots can be identified, although the map may contain no express reference to such survey; and in an action involving the location and boundary of lots described upon such map, evidence is admissible to identify the survey, and to show the location of stakes which were placed upon the ground by the surveyor, to mark the boundaries of the lots in controversy.

APPEAL from a judgment of the Superior Court of Mendocino County and from an order denying a new trial.   R. McGARVEY, Judge.

The facts are stated in the opinion.

*Seawell & Pemberton*, for Appellant.

The description, by map, of lots of real property cannot be varied, governed, or controlled by parol evidence of the existence of stakes not mentioned in the deed or in the map referred to by the deed.   (Code Civ. Proc., sec. 2077, notes; *Powers* v. *Jackson*, 50 Cal. 429; *People* v. *Blake*, 60 Cal. 508; *Vance* v. *Fore*, 24 Cal. 435, 446; *Chapman* v. *Polack*, 70 Cal. 489; *Cadwalader* v. *Nash*, 73 Cal. 43; *Penry* v. *Richards*, 52 Cal. 496; *Masterson* v. *Munro*, 105 Cal. 431; 45 Am. St. Rep. 57; *Whiting* v.

*Gardner,* 80 Cal. 78.) Had there been ample evidence to support the findings, yet the admission of improper evidence which affected the decision entitled appellant to a new trial. (*Spanagel* v. *Dellinger,* 38 Cal. 278; *Sweeney* v. *Reilly,* 42 Cal. 407; *Storch* v. *McCain,* 85 Cal. 304; *People* v. *Ah Own,* 85 Cal. 580; *Ponce* v. *McElvy,* 51 Cal. 222.)

*J. A. Cooper,* for Respondent.

Appellant's contention "that the description by map of lots cannot be varied, governed, or controlled by parol evidence of existence of stakes not mentioned directly or indirectly either in the deed or in the map referred to in the deed," is not the law. (*O'Farrel* v. *Harney,* 51 Cal. 125; *M'Iver* v. *Walker,* 9 Cranch, 178; *Jackson* v. *Cole,* 16 Johns. 256; *Jackson* v. *Freer,* 17 Johns. 28; *Black* v. *Sprague,* 54 Cal. 270; *Serrano* v. *Rawson,* 47 Cal. 55; *Harkins* v. *Nelson,* 53 Cal. 317; Code Civ. Proc., sec. 2077, subd. 6; Tyler on Boundaries, 119, 132, 141.) The only way a finding can be attacked is by specification of the particulars in which the evidence is insufficient to support it. (Code Civ. Proc., secs. 648, 659; *Eddelbuttel* v. *Durrell,* 55 Cal. 879; *Parker* v. *Reay,* 76 Cal. 103; *Mazkewitz* v. *Pimentel,* 83 Cal. 450; *Steen* v. *Hendy* (Cal., April 4, 1895), 40 Pac. Rep. 21.)

HAYNES, C.—This is an action in ejectment. The cause was tried by the court without a jury, and findings and judgment were in favor of the defendant. The plaintiff appeals from the judgment, and an order denying a new trial.

The plaintiff owns lots 2 and 8 in block F of Ukiah North Addition, and the defendant owns lots 1 and 10 adjoining plaintiff's lots on the south. The only question of fact was as to the location of the line dividing the lots of the respective parties, the plaintiff claiming that the defendant was in possession of ten feet belonging to his lots.

Both parties claim under conveyances made by the North Pacific Land and Improvement Company, by whom the said addition was surveyed and platted. Lots 1 and 10 were conveyed by said company to the defendant November 21, 1890, by the following description: "Lots numbers 1 and 10 in block F, in Ukiah, North Addition, as the same are laid down and delineated on the map of Ukiah, North Addition, filed in the office of the county recorder of the county of Mendocino, state of California, on the eighteenth day of September, 1889."

Lots 2 and 8 were conveyed by the same grantor to the plaintiff September 14, 1893, by the following description: "Being lots numbers two (2) and eight (8) in block F, as the same are laid down and delineated upon the map of Ukiah, North Addition, filed in the office of the county recorder, in the county of Mendocino, state of California, on the eighth day of May, 1893."

Neither of these deeds contained any statement as to the size of the lots otherwise than by the reference to these maps, nor were the sizes of the lots marked upon the lots on the map, nor any reference marked upon the maps tending to indicate their size other than the following. On the first of these maps there was the following note: " Note—All full-sized lots are 50x145 feet" ; and upon the second map it was noted: " Scale —200 feet, 1 inch."

The first of these maps was made by " Geo. P. Aston, surveyor and C. E., Los Guilicos, Cal.," and the second map was made by S. H. Rice. Mr. Rice testified that his map, as to block F and other blocks in that vicinity, was a copy of the first map, and that no intentional changes were made in that part, nor did he make any survey of block F or other blocks in that vicinity. That this map was intended to show a boulevard that he had laid out, and some changes were made necessary thereby in other parts of the addition. Applying the scale to what appeared to be full-sized lots on the origi-

nal map, plaintiff's lots appeared to be sixty-three feet in width.

Upon the trial the defendant offered evidence tending to show that the original survey was marked upon the ground by stakes on the south line of an alley extending from Pine street on the east to Bush street on the west, which alley is the north line of plaintiff's lots, and that stakes corresponding to these placed fifty feet south were also found and existed, and that these stakes marked the line between his lots and those of the plaintiff, and that in block E, the next block west of F, an alley was made on the same line with that in block F, marked by stakes on its southerly line, and that the lots on the south side of the alley in block E were marked by stakes corresponding, and on a line with said stakes in block F, fifty feet south of the alley. That these stakes were such as were used to mark lots and blocks; that they were seen a few months after the original survey was made, and appeared to have been in the ground for a time corresponding to that survey.

To this evidence the plaintiff objected. His objection was overruled, and the evidence received, and at the conclusion of the evidence in the case plaintiff moved to strike out all the evidence in relation to the fact of a survey and of the existence of the stakes marking it, and this motion was denied. The correctness of these rulings is the only question in the case.

The point of plaintiff's contention is that on neither of the deeds or maps is any reference made to any survey or stakes. He concedes that if the deeds had called for certain lots "as surveyed by a certain surveyor, or laid out in a certain survey, parol evidence to identify that survey and the lines thereof would be admissible; and, the map being made a part of the deed, the same result would follow if intelligible reference were made thereon to any certain survey."

It may be conceded that in neither of the deeds or maps is any express reference made to any survey or

stakes. The evidence of the surveyor who made the second map shows, however, that, as to that part which includes block F, the second map was not based upon any survey made by him, but was copied from the first map (which was referred to in defendant's deed) without any intentional change, and that he was never authorized to survey or plat block F or the blocks adjacent thereto. The first map, therefore, need only be considered.

The making and filing of the plat or map of the " Ukiah North Addition" implies that said addition had been surveyed, and that the map or plat thereof filed September 18, 1889, was based upon said survey, and that such survey was marked upon the ground so that the streets, blocks, and lots could be identified; for without such survey and marking being resorted to, neither block F nor the lots 2 and 8 claimed by the plaintiff, could be identified, and his deed would be held void for that reason, and that would defeat his action.

We are not without authority in saying that the map or plat of this addition *implies* a previous survey and marking upon the ground.

In *McDaniel* v. *Mace,* 47 Iowa, 510, in speaking of town plats, the court gave the following concise definition: "A plat is a subdivision of land into lots, streets, and alleys, marked upon the earth, and represented on paper."

So, in *Banker* v. *Caldwell,* 3 Minn. 103, it was said: "A map is but a transcript of the region which it portrays, narrowed in compass so as to facilitate an understanding of the original. It may be said to be an abstract of the original."

In *Jackson* v. *Freer,* 17 Johns. 29, 31, it was said: "The map was intended to represent the relative situations and localities of the lots, as regarded each other; the actual survey was the practical location; and although the patents do not specially refer to the field-book and the actual survey of the lots, they virtually referred to

them by referring to the map. It was composed from the survey, and the lots acquired their individuality from the survey also. Without, therefore, any express reference to the field-book or survey, the reference to the map was a reference to its accompaniments—the field-book and survey."

To the same effect is *Jackson* v. *Cole,* 16 John. 261, where it was said: "This is not construing the patent by anything *dehors* the grant, but by facts and provisions, although not expressed, necessarily implied."

We find nothing in our own reports, nor in cases cited by appellant, which, viewed in the light of the facts involved, conflict with the authorities above quoted. That where the survey as made and marked upon the ground conflicts with the plat, the former must prevail, is well settled. (*Whiting* v. *Gardner,* 80 Cal. 78, and cases there cited.)

No question is made as to the sufficiency of the evidence to justify the findings if the evidence relating to a survey marked by the stakes was properly received, and upon that point we entertain no doubt.

The judgment and order appealed from should be affirmed.

BRITT, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

HARRISON, J., VAN FLEET, J., McFARLAND, J.