### GADDY *v.* PENDLETON.

Opinion delivered October 11, 1926.

DEDICATION—RECORDING PLAT.—Filing and recording of an addition to a city which fails to describe the land involved, or to locate or show the size of lots, streets, or alleys embraced therein, *held* not to constitute a dedication of streets, or to establish an easement in such streets for the use of purchasers of lots.

Appeal from Union Chancery Court, First Division; *J. Y. Stevens,* Chancellor; reversed.

*Frank M. Betts,* for appellant.

*Marsh & Marlin,* for appellee.

HUMPHREYS, J.  Appellee instituted this suit in the first division of the Chancery Court of Union County, on June 27, 1923, against appellant, to cancel the plat of Triangle Subdivision of El Dorado which had been duly filed on March 15, 1923, and recorded on June 9, 1923, in the circuit clerk's office of Union County, Arkansas. This plat covered about seventeen acres of land particularly described as all that part of the southeast one-quarter of the northwest one-quarter of section 29, township 17 south, range 15 west, lying north of El Dorado and Mount Holly public road, in said county, which appellant had bought for $2,700 in cash from M. G. Murphy,

who conveyed same to her by warranty deed on September 11, 1918, which she immediately recorded in the clerk's office aforesaid. The land described in her deed and platted by her was fenced and in cultivation when she purchased and occupied it, and had been under fence and in cultivation by her grantors since the year 1903.

Appellee purchased block 17 in Ouachita Subdivision to El Dorado, Arkansas, from T. A. Wroton, on August 19, 1919, who purchased it from E. A. Wood on September 26, 1918, E. A. Wood having purchased it from M. G. Murphy on December 22, 1911. In an attempt to make the description in his deed good, on June 9, 1923, appellee had a plat of Ouachita Subdivision to El Dorado, Arkansas, refiled and recorded in the circuit clerk's office of said county, upon which there appeared a filing mark of date July 21, 1909. The only things on the face of the drawing purporting to designate it as a plat of the division of El Dorado, Arkansas, are the following words in one corner thereof: "Ouachita Subdivision to El Dorado, Ark." It contains what appears to be lots and blocks carrying numbers adjacent to avenues and streets which are named. It joins Mount Holly Highway on the north and west side thereof, but contains nothing to indicate what particular part of the highway it adjoins. It contains no scale of measurement by which the size of the lots, or the width of the avenues, streets and alleys can be determined. There is no marking on the lots, streets and avenues themselves to indicate their respective widths and lengths. The plat does not show on its face the lands embraced therein by government calls.

The oral testimony revealed that the purported plat had been filed in the circuit clerk's office by J. J. Hudson on July 21, 1909. In the year 1908 the board of trade of El Dorado undertook to locate a Presbyterian College near the city, and, pursuant to its plan, purchased, on credit, certain lands from several different parties, lying north of El Dorado and Mount Holly-Lisbon public road. The several deeds were executed to J. J. Hudson, trustee

for the El Dorado Board of Trade, and contained a provision authorizing him to lay the lands off into lots and blocks and to sell same free from liens, and to apply the proceeds, first, to the payment of the purchase money, and, second, to the establishment of the college. The deeds were not to be recorded until the purchase money for the lands had been paid. J. J. Hudson platted the lands as Ouachita Subdivision to El Dorado, Arkansas, and sold some of the lots by like description contained in the deed of appellee and his predecessors in title. The plat which Hudson filed was locked up in the clerk's vault and never recorded until appellee had same recorded on the date aforesaid. The establishment of the college failed, so November 19, 1918, the lands were reconveyed to the grantors, M. G. Murphy and the other parties, by metes and bounds, just as they had conveyed them to the trustee. All the deeds were recorded on the date of the reconveyance. The lands which M. G. Murphy conveyed to the trustee and which the trustee, in succession, conveyed back to him, was described as follows: "Commencing 60 feet of the northwest corner of the southwest one-quarter of the northeast one-quarter of section 29, township 17 south, range 15 west, and run south 633 feet, and thence west 120 feet, thence south 340 feet to the El Dorado and Lisbon dirt road, thence west 31 degrees north 1180 feet, thence north 365 feet, thence east 1105 feet to place of beginning."

The surveyor and abstracter, who were witnesses in the case, testified that it was impossible to locate the lands from the face of the plat itself, which were embraced in or covered by the plat of Ouachita Subdivision to El Dorado, Arkansas, for the reason that the plat was not tied to any landmarks; that, although it showed that the lands embraced therein were on the north side of the El Dorado and Mount Holly Highway, it did not show what particular part of that highway they adjoined; that there were no other highways or public streets forming boundaries of the plat so as to definitely fix the location of the lands embraced therein.

Appellee alleged in his bill that block 17 of Ouachita Subdivision of El Dorado, Arkansas, owned by him, adjoined appellant's land, being separated therefrom by Murphy Avenue on the west and Reid Street on the north, as shown on the plat of Ouachita Subdivision to El Dorado, under which plat he had purchased, and that the Triangle Subdivision to the city of El Dorado, as well as the fence of appellant, embraced Murphy Avenue and Reid Street aforesaid, in which he had an easement by virtue of his purchase, in accordance with the plat of Ouachita Subdivision to El Dorado, Arkansas. In other words, the gist of his bill was that appellant had closed Murphy Avenue and Reid Street, which had been dedicated to the use of the public by the filing of the plat of Ouachita Subdivision to El Dorado, Arkansas, by J. J. Hudson, and which was afterwards recorded by appellee.

We cannot agree with appellee that the filing and subsequent recording of the plat of Ouachita Subdivision to El Dorado, Arkansas, constituted a dedication of the avenues and streets therein named to the use of the public or established an easement therein for the use of those who purchased lots according to the plat. The plat wholly failed to locate any of the lots, blocks, avenues, streets and alleys purporting to be embraced therein. The only landmark to which the plat is tied is the Mount Holly Highway, and the particular point on the highway where it is supposed to be tied is not designated. It is not bounded by other accepted streets and highways. It contains no government calls. It contains no scale for the measurement of the lots, blocks, avenues, streets and alleys. The sizes of the lots, blocks, avenues, streets and alleys are not marked upon the plat in any way. The plat is absolutely void for indefiniteness in description of the lands purporting to be embraced therein.

"A plat is a subdivision of land into lots, streets, alleys, marked upon the earth, and represented on paper in such a way that the streets, lots and blocks can be identified." 6 Words & Phrases, p. 5403, citing *McDaniel*

v. *Mace,* 47 Iowa 509, 510; *Burke* v. *McGowen,* 115 Cal. 481, 47 Pac. 367.

On account of the error indicated the decree is reversed, and the cause is remanded with directions to dismiss the bill of appellee for want of equity.