HOLTHOFF v. JOYCE.

Opinion delivered May 30, 1927.

1.  EASEMENTS—CONVEYANCE OF TITLE.—Where the grantor in a deed agreed, as part of the consideration, to change the location of an alley from the south to the north side of an adjacent lot, making an alley between it and the lot conveyed, before selling the adjacent lot, this was *held* not to be a conveyance of title to the alley.

2.  DEEDS—PARTIAL FAILURE OF CONSIDERATION.—Failure of a grantor to perform an agreement in his deed to change the location of an alley *held* to have resulted in a partial failure of consideration, rendering him liable to parties deraigning title to the lot conveyed from the grantee.

3.  COVENANTS—DAMAGES FOR BREACH.—Evidence *held* to sustain a court's finding that plaintiffs were damaged in the sum of $100

by failure of their predecessor in title to perform a contract to open an alley between a lot conveyed and an adjacent lot.

4. COVENANTS—COVENANT RUNNING WITH LOT.—The grantor's covenant or agreement in a deed to change the location of an alley to a strip between the lot conveyed and an adjacent lot was a continuing contract for an easement running with the lot conveyed and inuring to the benefit of the grantee's successors in title.

5. LIMITATION OF ACTIONS—CONTRACT TO OPEN ALLEY.—An action instituted in December, 1925, for breach of a contract by plaintiff's predecessor in title to open an alley between the lot conveyed and an adjacent lot before selling the latter, which he sold on February 9, 1922, held not barred by the statute of limitations.

6. DEDICATION—SELLING LOTS BY REFERENCE TO PLAT.—Where the owner of land divided it into lots and blocks, and sold lots by reference to a plat, he irrevocably dedicated the streets and alleys to public use.

7. EASEMENTS—PURCHASE OF LOT WITH REFERENCE TO PLAT.—One who purchased a lot with reference to a recorded town plat, and without knowledge of an alleyway between it and the adjacent lot, acquired a perfect title, with right to prevent a change in the location of the alley shown on a plat, though she had constructive notice by recorded deeds of adjacent lot of the grantor's agreement to make the change or even actual notice of deeds under which the owners of adjacent lots deraigned title.

Appeal from Lincoln Chancery Court; *Harvey R. Lucas*, Chancellor; affirmed.

*A. J. Johnson*, for appellant.

*R. W. Wilson*, for appellee.

WOOD, J. On November 8, 1916, G. H. Joslyn and wife executed a warranty deed to T. W. Johnson, conveying to Johnson lot 3, block 5, in Joslyn's Addition to the town of Gould, Arkansas, the said lot being shown on the plat duly recorded in Lincoln County, Arkansas. In addition to the usual covenants, the instrument contained the following stipulation: "It is further agreed, as part consideration of this contract, that the said Joslyn, before the sale of lot 4 of said addition, that he changed the location of the alley from the south side of lot 4 to the north side of lot 4, making alley between lots 3 and 4 as shown on said plat, and open and donate said alley to the town." On May 10, 1922, T. W. Johnson and

wife conveyed by warranty deed the lot above described
to G. H. Holthoff and L. F. Johnson.   In addition to the
usual covenants the deed contained the following:   "It
is further agreed as a part of this contract that the
alley on south side of lot 4 of said block 5 be moved to
the north side of lot 4, as shown on said plat."

On February 9, 1922, G. H. Joslyn and wife conveyed
by warranty deed to Olive Veid Joyce lot 4, block 5, in
Joslyn's Addition to the town of Gould, as the same
appears on the plat of said addition above mentioned.
In December, 1925, G. H. Holthoff and L. F. Johnson
instituted this action against Joslyn and W. A. and Olive
Veid Joyce, defendants, and later T. W. Johnson, W. E.
Free and C. W. Scifres, as mayor, were also named as
defendants.   The plaintiffs alleged that, by virtue of
the above deeds from Joslyn to Johnson and from John-
son to plaintiff, they acquired title to lot 3 above men-
tioned and also a title to an opening and location for an
alley ten feet wide between lots 3 and 4.   They alleged
that, when their grantor acquired title, an alley as above
described was in fact located, opened and donated, and
that they and their predecessor in title had been in the
open, notorious and adverse possession of the alley since
November 8, 1916; that plaintiffs and the public generally
had continuously so occupied the alley since that time
with the knowledge of defendant, Joslyn, and all other
parties, and plaintiffs therefore set up title by the seven-
years statute of limitations.   Plaintiffs alleged that they
had constructed a store building to have an opening upon
the alley as above described, and that they had no other
means of entering the store building with freight except
through this alley.   They alleged that the defendants,
W. A. Joyce and Olive Veid Joyce, were attempting to
obstruct the above described alley by placing material
thereon for the erection of a building, and would do so
unless restrained.   They also alleged that, if the court
should find that the alley was not properly opened and
donated by Joslyn, the plaintiffs had been damaged by
his breach of contract in not opening and donating the

same in the sum of $1,000. They prayed that defendant Joyce be permanently restrained from obstructing the alley, and that, if this relief were denied, they have alternative relief against Joslyn for damages for breach of his contract in the sum of $1,000.

The defendants Joyce, in a separate answer, admitted that they had purchased lot 4 and had placed material on the ground for the erection of a building, but denied that, in so doing, they will obstruct an alley between lots 3 and 4. They denied that any such alley had been donated and opened and occupied as alleged by the plaintiffs. They alleged that the plaintiffs were estopped from insisting upon any change in the location of the alley from the south side of lot 4 to the north side of lot 4. They set up that the plaintiffs, by their conduct and actions, were left to their remedy, if any, against the defendant Johnson for a failure of consideration. They prayed that the complaint be dismissed as against them for want of equity.

The defendant Joslyn, in a separate answer, denied that the plaintiffs had acquired any title to the alley in controversy as claimed by them. He denied that, at the time of the execution of the deed from Johnson to plaintiffs, an alley had been in fact donated, opened and occupied as alleged by them, and denied that plaintiffs had built a store on this alley as alleged. He denied that plaintiffs had been damaged as alleged. He alleged that the stipulation in his deed to Johnson, under which plaintiffs claim, was not a covenant or agreement running with the land and did not pass to the plaintiffs under their deed from Johnson. He pleaded the statute of limitations of five and seven years in bar of plaintiffs' right of action against him. He also embraced in his answer a general demurrer to the complaint.

The defendant Free, in his answer, alleged that he was the owner of block 5 of Joslyn's Addition; that he had entered into possession of same and erected a brick store building on the north side of the lot immediately adjacent and parallel with the alley between lots 4 and 5

of Joslyn's Addition to the town of Gould; that this addition was platted and an alley ten feet wide was shown upon the plat between lots 4 and 5; that the town of Gould accepted such plat, and streets and alleys had been laid out in conformity with such plat; that the said town of Gould and the public had used the streets and alleys thus platted continuously for more than seven years since the date of the dedication of the said streets and alleys to the town. He alleged that at no time since such dedication had there been an effort on the part of any one to change the location of the alley between lots 4 and 5 as it was originally dedicated to the town. He alleged that he, having purchased lot 5 as a corner lot, according to the plat, was entitled to have the alley between lots 4 and 5 remain as originally established.

The testimony of T. W. Johnson was to the effect that he bought lot 3 on November 8, 1916, and also the alley. He went into actual possession, and built a store on lot 3 at that time, and had occupied the alley on the south side of his store since his purchase. He had been in actual possession of the alley six or seven years when he sold to the plaintiffs. He had occupied the lot and the alley all the time until he sold to plaintiffs. There was no other alley across block 5 during that time. The alley next to his store was the only one used by the public. Witness knew nothing about the alley supposed to be between lots 4 and 5. Lot 3 was 43 feet wide, and witness constructed his store with an opening or door on the alley, which was the only way the witness could deliver and receive freight into his store building except through the front door on the main street. Witness further testified that, at the time he purchased the lot, the surveyor established the corners of the lot but did not mark off the alley. Before witness got his deed, however, he and Judge Joslyn measured off the lot and alley. After witness purchased the lot he did not let any building be put up in the ten-foot space set apart for the alley.

F. E. Grumbles testified that he was the clerk and recorder of Lincoln County. The plat of Joslyn's Addition west of the railroad in the town of Gould shows an alley between lots 4 and 5 but does not show any alley between lots 3 and 4. The plat was duly recorded July 7, 1915, and was introduced in evidence.

Plaintiff, L. F. Johnson, testified, and his testimony is substantially the same as that of T. W. Johnson as to the purchase of the property in controversy; that he and Holthoff purchased lot 3 as described in the deed from T. W. Johnson, as above mentioned, which he identified and introduced in evidence. He stated that the deed contained a contract for the purchase of the alley in controversy the same as the deed from Joslyn to T. W. Johnson. The witness further testified corroborating the testimony of T. W. Johnson to the effect that, at the time T. W. Johnson purchased, the alley in controversy was opened and turned over to the public generally, as set forth in the deed from Joslyn to T. W. Johnson; that it had been continuously used by the public since then. Witness stated that there had been no other alley opened and used in block 5, that there had been no effort by any one to close the alley in controversy except Joyce; that happened about the time this action was begun. About that time witness told Joyce that the alley in controversy had been conveyed to plaintiffs. Witness further testified that, if the alley in controversy should be closed, the damage would be about equal to the value of the lot, which was estimated to be at least $1,000. Witness stated that, at the time he came to Gould in 1916, the alley between lots 4 and 5 shown on the plat of Joslyn's Addition had not been opened, and it would not be possible to use it as such at the present time. Witness stated that the town of Gould was using the space shown on the plat as an alley between lots 4 and 5, having built a house on it in which to keep the fire-hose. The space witness claims as an alley is ten feet south of his property line, and no more. At the time witness discussed the matter with Joyce as to the

ownership of the alley, witness knew that Judge Joslyn had parted with title to lot 4. The testimony of the witness was further to the effect that, in going down the space to the side door of witness' store, the space was all open and the wagons traveled this open space—they were not confined to the ten-foot alley. There was nothing to keep them from so doing. The vehicles going north travel across the plaintiff's lot and those going south cross the Joyce lot. Witness had made no demand upon Judge Joslyn to change the alley from the south side of lot 4 to the north side of lot 4, and had not taken any action to have the town council make the change. At the time witness' father purchased lot 3 there was nothing on lot 4.

The testimony of Holthoff, the other plaintiff, substantially corroborates that of Johnson.

The testimony of the witnesses for the defendants Joyce was to the effect that lot 4, south of lot 3, since 1917, had been practically an open space and used as a passageway. One of the witnesses, Mr. McClendon, had lived in Gould about fourteen years, and his testimony was to the effect that there had always been an opening there on the south side of Johnson's store, for the last four or five years at least. People could drive wherever they pleased. There had been an opening of at least 100 feet since the shack on the south side of Johnson's store burned, which had been used by the general public in passing from street to street. Another witness, who owned a grist mill located on the lot at the rear of plaintiff's store and north of their lot, stated that 75 per cent. of the people going to and from his mill and to the back door of Johnson's store traveled through the open space south of the garage building. That condition existed until the shack burned in 1921 or 1922. All of lot 4, the alleyway between lots 4 and 5, and a part of lot 5 was used for travel.

W. A. Joyce testified that he purchased lot 4, block 5, from Judge Joslyn on February 9, 1922, and he identified and introduced the deed above mentioned. He examined

the plat mentioned, which showed an alley between lots 4 and 5. He purchased with reference to this plat. There was nothing to indicate that there was any alleyway between lots 3 and 4. Witness did not learn that the plaintiffs claimed an alleyway between lots 3 and 4 until 1922 or 1923. Witness was planning to construct a brick building on lot 4. The lot is 43 feet wide. If a ten-foot alleyway were taken off the north side it would not be a practical business lot for the town of Gould, and the market value of the lot thus reduced in size would be $500. Judge Joslyn represented to the witness, at the time he purchased, that his lot would be 43 feet wide. Beginning at the west end of Johnson's store, the entire lot is used by travel from Railroad Street to Joslyn Avenue, also hitching and parking wagons and cars. Several witnesses testified that the failure to have an alley between lots 3 and 4 damaged the plaintiffs from $50 to $150.

The trial court found that there was an open space and had been since the purchase of lot 3 from Joslyn, and that not only this ten-foot strip was used by the plaintiffs, but by the general public as well, both for driving across and for parking purposes; that Johnson's contract with Joslyn was contingent that the alleyway be changed from between lots 4 and 5 and located between lots 3 and 4, which was never done. The court declared that no vested right, either by law or easement, prescription or possession, divested the defendant Joyce of title to the land in controversy. The court found that the plaintiff was damaged in the sum of $100 because of the failure of Judge Joslyn to comply with his contract. Thereupon the court entered a decree dismissing the plaintiff's complaint against Joyce for want of equity, and entered a decree in favor of the plaintiffs against Joslyn in the sum of $100. From the decree the plaintiffs and defendant Joslyn prayed and were granted an appeal to this court.

1. The paragraph in the deed from Joslyn to T. W. Johnson by which Joslyn agreed, as a part of the con-

sideration, that, before the sale of lot 4, he would change the location of the alley from the south side of lot 4 to the north side of lot 4, making the alley between lots 3 and 4, was not a conveyance of the title to the alley, the strip of land ten feet wide in controversy. It was an agreement on the part of Joslyn to change the location of the alley as it then appeared on the recorded plat. This agreement Joslyn failed to perform, resulting in a failure of consideration to that extent, and, of course, rendering him liable to the appellants who deraigned their title to lot 3 from Joslyn to T. W. Johnson. The preponderance of the testimony proves that the appellants were damaged by reason of the failure of Joslyn to perform his contract to open the alley in the sum of $100. This covenant or agreement on the part of Joslyn was a breach of a contract for an easement which ran with the lot conveyed by Joslyn to T. W. Johnson, appellants' predecessor in title. It was a continuing contract, and was not violated by Joslyn until he sold lot 4 to Mrs. Olive Veid Joyce on February 9, 1922. The agreement inured to the benefit of the appellants as the successors in title to T. W. Johnson. The action by appellants against Joslyn is not barred by the statute of limitations. The decree therefore in favor of the appellant Holthoff against Joslyn in the sum of $100 is affirmed.

2. As we have seen, appellants acquired no title to the alley or strip of land in controversy under the deed from Joslyn to T. W. Johnson. Indeed, the agreement of Joslyn to open the alley between lots 3 and 4 was one impossible for him to perform, because the undisputed evidence shows that he had already dedicated the land in Joslyn's Addition to the town of Gould and laid off the same into lots and blocks, with streets and alleys, as delineated on a plat which was filed by Joslyn as evidence of his dedication, and duly recorded on July 7, 1915. The law is that "an owner of land, by laying out a town upon it, platting it into lots and blocks, and selling lots by reference to the plat, dedicates the streets and alleys to the public use, and such dedication is irrevo-

cable. \* \* \* The dedication becomes irrevocable the moment that these acts occur." *Frauenthal* v. *Slaten*, 91 Ark. 350-355, 121 S. W. 395, and cases there cited.

In 19 C. J. 928, it is said:

"Where the owner of a tract of land lays it out in streets and lots delineated on a map or plan and sells lots bounded by such streets, which are referred to in deeds of conveyance as boundaries, the legal effect of the grants is to convey to the grantees the right-of-way over the streets respectively as laid out. \* \* \* The right-of-way passes to each subsequent purchaser of the lots to which the easement appertained, whether mentioned in the conveyance or not. Furthermore, this also constitutes an incipient dedication to the public, which, according to the weight of authority, the grantor cannot revoke, although there has been no formal acceptance by the public authorities, or by user by the general public. Notwithstanding the fact the streets are never used or accepted by the public, the purchasers nevertheless acquire the same right in the streets so described as against the grantor and each other as they would if they were in fact public streets."

Mrs. Olive Veid Joyce had a right to purchase and to acquire a perfect title to lot 4, block 5, Joslyn's Addition to the town of Gould, with reference to the alleys and streets in such addition as were on record at the time of her purchase. The undisputed testimony shows that Mrs. Joyce purchased lot 4, block 5, with reference to the plat of the town then on record, and that she had no knowledge of an alleyway running along from Railroad Street to Joslyn Avenue by the side of Johnson's store on the south. Even though she had constructive notice by the deeds on record that Judge Joslyn had agreed to change the alley as specified in those deeds, this would not affect her right to purchase lot 4, block 5, Joslyn's Addition, with reference to the recorded plat of such addition. Even actual notice of the deeds under which appellants deraigned title to the lot in controversy could not affect her right to purchase lot 4 with

reference to the recorded plat of Joslyn's Addition. The appellee, Mrs. Joyce, acquired title to lot 4 in Joslyn's Addition, and with it the right to protest, and to successfully resist, the effort on the part of the appellants to have the alley changed from between lots 4 and 5, as it appeared on the recorded plat, to an alleyway between lots 3 and 4.

In this view of the law it becomes unnecessary to discuss the question of appellants' alleged claim of title by prescription. The decree of the trial court is in all things correct, and it is therefore affirmed.