## Nash v. Pendleton.

Opinion delivered March 2, 1931

*Walter L. Brown* and *Donald F. Brown,* for appellant.

*Marsh, McKay & Marlin* and *Neill C. Marsh, Jr.,* for appellee.

Smith, J. This suit was brought by appellees to restrain appellants from obstructing College Avenue, a street in the city of El Dorado. The temporary restraining order which was granted when the complaint was filed was made permanent on the final submission, and this appeal has been prosecuted to reverse that decree. The essential facts out of which the litigation arises are

substantially stated in the opinion in the case of *Gaddy* v. *Pendleton,* 171 Ark. 878, 286 S. W. 1025, and need not be repeated.

Pendleton was the plaintiff in that case, and in this. In the first case he alleged that he had bought lots in the Ouachita subdivision to El Dorado, and that Gaddy had closed Murphy Avenue and Reid Street in this subdivision, which streets had been dedicated to the use of the public by the filing of the plat of Ouachita subdivision by J. J. Hudson, as trustee. The circumstances under which and the purposes for which the plat had been filed are fully stated in the former opinion.

We there said, quoting from 6 Words & Phrases, page 5403, that ''a plat is a subdivision of land into lots, streets, alleys, marked upon the earth, and represented on paper in such a way that the streets, lots and blocks can be identified,'' and we held that, under this definition of a plat, the plat of Ouachita subdivision, there offered in evidence, was void as being a mere picture, which failed to describe the land involved or to locate or show the size of the lots, streets or alleys embraced therein or to definitely locate the survey of the subdivision with reference to the quarter section of land in which it was located.

In the instant case Pendleton and another property owner in Ouachita subdivision alleged that appellants are obstructing College Avenue in this subdivision. College Avenue is parallel with Murphy Avenue and one block from it, and both streets are intersected by Reid Street. It is therefore insisted that the opinion in the former case is decisive of the instant case.

We do not think so. The cases are similar, but in the instant case we have additional proof in regard to the plat, and we have a different plat. The original plat of the survey of this subdivision, which was filed in the office of the circuit clerk and recorder but never recorded prior to the institution of this suit, has been discovered and was offered in evidence at the trial from which this

appeal comes, but was not in evidence in the former case. The plat introduced in this case meets the objections to the plat offered in the former case which induced us to hold that it was void for indefiniteness. The new plat shows that it was filed with the city council on November 9, 1909, and adopted as the official plat of that portion of the city on the same day. As we have also said, it was filed with the circuit clerk and recorder, but not recorded. This plat ties to Government corners, which are shown on the plat, and it shows the scale to which it was drawn, so that the width and length of all the streets and alleys in the subdivision, as well as the boundaries of every lot and block and the size thereof, may be ascertained from an inspection of the plat.

As appears from the opinion in the former case, in which the present appellee was a party, all parties derive title from M. G. Murphy, the title of the defendants— appellants here—having been acquired in March, 1919, whereas the title under which appellees' claim rests upon a deed from Murphy executed prior to that date.

The court below found the fact to be that the portion of College Avenue in question is shown to be a part of said street on the plat of the survey thereof filed in the office of the circuit clerk and recorder of Union County on November 9, 1909. The testimony supports the finding. The map now before us, unlike the one relied upon in the former case, is sufficiently definite to locate the property comprising this subdivision and to define the boundary lines of College Avenue and the width thereof. The filing of this plat and the sale of lots with reference thereto constitutes an irrevocable dedication of the streets and alleys shown thereon. *Holthoff* v. *Joyce*, 174 Ark. 248, 294 S. W. 1006.

It was also contended that the public had, through long use of College Avenue, acquired a right by prescription to continue its use; but it will be unnecessary to consider this question, as we hold that the right was acquired by dedication.

342

It follows, therefore, that the decree of the court below is correct and must be affirmed, and it is so ordered.