PARKER v. BATSON.

4-3841

Opinion delivered April 29, 1935.

*John M. Parker & Son,* for appellant.
*Scott & Goodier,* for appellees.

McHaney, J. Appellant brought this action against the appellees as the mayor, aldermen and marshal of the town of Dardanelle to recover damages from them for the tearing down of a wire fence which she had erected to inclose a small tract of land, in the town of Dardanelle, which she claims belongs to her. Appellees defended the action on the ground that the strip of land did not belong to appellant, but was a part of State Street which extends east from Front Street towards the Arkansas River for a distance of 150 feet east of the east line of Front Street, and separates blocks M and N, lying east of Front Street in said town. The case was tried to a jury which resulted in a verdict and judgment in favor of appellees from which is this appeal.

It is first argued here for a reversal of the case that the court should have directed the jury at appellant's request to return a verdict for appellant as to the title of the land in controversy, and to be governed as to damages by the evidence and instructions of the court. We cannot agree with appellant in this contention, for, assuming, without deciding, that appellant acquired title to the land in controversy by conveyances to her, still there is evidence to show that the town has had possession of said strip of land as a part of State Street for many years. It was shown that in May, 1916, appellant's husband had placed obstructions in State Street, and that the town council on May 22, 1916, passed a resolution ordering and directing the street commissioner and town marshal to remove all fences obstructing that part of State and Vine streets east of Front Street, which was done. The street thereafter remained open until appellant attempted to place obstructions in the street again by inclosing a portion of said street with a wire fence. On April 3, 1933, the town council by resolution instructed the marshal to remove said obstructions which had recently been placed there. Twenty-six hours' notice was served upon appellant to remove same. Upon her

failure to do so, the marshal, in obedience to said resolution, removed same, and this suit followed. The court submitted the matter to the jury under instructions that were quite favorable to appellant. These instructions told the jury that the controversy for them to decide was whether the strip of land in controversy was a street in the town of Dardanelle, or whether it was private property belonging to the appellant; that, if they found that it was one of the streets of the town which had been inclosed, then the council had the right to order its removal, and, if appellant failed to remove same upon reasonable notice, the marshal had the right to remove such part as obstructed the street, if it was a street, and that none of the appellees would be liable to her.

We think the court correctly instructed the jury. Appellant asked twenty-three instructions, all of which were refused, and the court instructed the jury on its own motion. Appellant argues that all of her requested instructions should have been given, and that none of those given by the court on its own motion should have been given. Particular complaint is made of instruction No. 7, given by the court, which is as follows:

"7. If you find from the evidence that the strip of land was dedicated by the then owner of the land as a public street, or even if there was no formal dedication by the owner, but the owner caused the same to be platted, and sold off the property by blocks and lots in recognition of such plat, if any, then the court tells you this would constitute a street, and the plaintiff could not recover in this action, unless you further find from a preponderance of the evidence that the plaintiff has a right to hold said strip of land by what we term peaceable and adverse possession."

This is a correct declaration of law applicable to this case, assuming, without deciding, that appellees might be personally liable. *Holthoff* v. *Joyce,* 174 Ark. 248, 294 S. W. 1006.

The principal question involved is one of fact, whether appellant was the owner of this strip of land she inclosed with a fence, or whether it was the property of the town, being part of State Street. The jury has found

that it was the property of the town, and, there being substantial evidence to support such finding, we are not permitted to disturb it. We have carefully examined the instructions given and those refused, and find that the court fully and fairly instructed the jury on every phase of the case.

We find no error, and the judgment is affirmed.