## St. L., I. M. & S. Ry. v. O'Baugh.

COVENANT: *Running with the land; Agreement to build railroad track above overflow.*

The owner of a tract of land, granted the defendant, railway company, the right of way over it, so long as the company should desire it; and in consideration of this, the defendant agreed in writing to build its track above the overflow of a certain river. The owner of the land having died, his widow occupied it as her homestead, and while she thus held the land it was oveflowed, by reason of the failure of the defendant to build its track to the height required by the contract. In an action brought by the widow to recover the damages sustained by the overflow, *Held:* (1) That the covenant to build the track above the overflow of the river, is a covenant which ran with the land; (2) That such covenant inures to the plaintiff's benefit as temporary owner of the land, and its breach gives her a cause of action.

APPEAL from *Clark* Circuit Court.
R. D. HEARN, Special Judge.

*Dodge & Johnson* for appellant.

1. There was no privity of contract between plaintiff and defendant by which she could sue for a breach thereof. She was not a party to it ; she owned no interest in the land ; was not an heir or an administratrix; nor the assignee of O'Baugh. *2 Rap. & L. Law Dict., p. 1011; 27 L. J. Ex., 3; 1 Add. on Cont. secs. 35–6; 3 H & C., 657; 40 Me., 548; 25 Iowa, 371; 9 B. Mon., 470; 51 Ind., 527; 17 A. & E. Ry. Cas., 31; id., 37, 33; 1 Lev., 235; 5 Moore, 23; 2 B. & B., 333.* The agreement vested in the company an easement upon a *condition subsequent,* and it was a personal right to the *grantor and his heirs alone, and not assignable. Wash. on R. P., vol. 1, marg. p. 446; 2 Kern., 121; 20 Barb., 457; 94 Mass., 141.*

2. The plea of waiver by the grantor was good against Mrs. O'Baugh, and the court erred in refusing to permit the evidence of waiver and recovery by O'Baugh in a former suit to go to the jury. *8 N. H., 477; 2 Flint on Real Prop., 231; Washb. on Real Prop., 473-4-5-6-7-8; 1 Hempst., 440.*

The appellee *pro se.*

SMITH, J. The complaint alleged, "that the defendant railway company, on April 5, 1879, entered into an agreement with the husband of plaintiff, J. H. O'Baugh, whereby J. H. O'Baugh agreed to give defendant the right of way over certain lands ; and in consideration of the gift, the defendant agreed to build its track above the overflow of the Ouachita River. That J. H. O'Baugh had died seized of said lands, and that plaintiff, as widow of said J. H. O'Baugh, held and occupied said lands as a homestead. That defendant was using said right of way, but had failed to build said track above the overflow of the Ouachita River ; and in consequence of said failure, the said lands were on the 29th of December, 1884,

overflowed, the fences and soil washed away, to plaintiff's damage $200.

The defendant demurred upon the ground that as between plaintiff and defendant there was no privity of contract for breach of which she sues; and that said contract was personal between J. H. O'Baugh, deceased, and defendant, and was not assignable.

This demurrer was overruled by the court. The defendant then answered, admitting the execution of the agreement with J. H. O'Baugh. It admitted J. H. O'Baugh's death and that plaintiff was his widow, but denied that she occupied the land over which its grant was made, as a homestead. It admitted that it occupied the right of way over said lands named, and was using said tracks as it had a right to do. It denied that it failed to build said track above the overflow of the Ouachita River, or that in consequence thereof said lands were overflowed and damaged as alleged. It denied that plaintiff was a party to said contract, or that she had any interest therein, and denied that plaintiff had any right of action for breach of the same. And further, that the said J. H. O'Baugh, in his life time, waived all further right under said contract, by a refusal to declare said contract void by a breach thereof and by entering on said land, but elected to commence suit for damages accruing from said breach; in 1882, he filed his suit in the Clark Circuit Court to recover damages growing out of an alleged breach of said contract and recovered judgment for the sum of $117.50; that by reason of said suit, judgment and recovery, the said J. H. O'Baugh waived all his rights under said agreement, and that were he alive he could recover nothing further by reason of said breach; and that plaintiff, even were she privy to said contract, and a party thereto, by reason of such waiver, is entitled to recover nothing herein.

The answer then finally denied that it had any kind of a

contract with plaintiff, or that it had been guilty of any breach of contract with plaintiff in any manner or form whatever.

Upon the trial the plaintiff offered in evidence the contract sued on, which was in words as follows:

" This agreement made and entered into on this 5th day of April, A. D. 1879, at the city of Arkadelphia, county of Clark, and State of Arkansas, by and between James H. O'Baugh, of the aforesaid county and State, party of the first part, and the St. Louis, Iron Mountain & Southern Railway Company by their agent, E. L. Dudley, parties of the second part, witnesseth: That the party of the first part, for and in consideration of the undertakings of the said parties of the second part, hereinafter mentioned, hereby agrees to give and grant the right of way over lots 2, 3 and 6, Blakely's survey of land, for the building of a switch or railroad track from the main road, commencing near the northwest corner of the southwest quarter of northwest quarter, section 21, township 7 south, range 19 west, and running east to a gravel bar in the Ouachita River. Said party further agrees that said gift or donation of the right of way to said railway company shall last so long as said railway company choose to use and operate said road. The said parties of the second part, for and in consideration of the grant aforesaid, hereby agree to build said railroad track above the overflow from the Ouachita River.

" Witness:                              J. H. O'BAUGH.
    " R. R. Ross.                        E. L. DUDLEY,
    " A. M. Crow.        For St. L., I. M. & So. Ry. Co."

To the admission of this contract as evidence, the defendants at the time objected, upon the ground " that the plaintiff was not a party to the same, and could take nothing by reason of a breach thereof, and it was therefore incompetent, immaterial and irrelevant." The court overruled the objection, and permitted the contract to be read, and the defendant saved its exceptions.

The plaintiff then introduced the record of the Clark Probate Court, showing a reservation of the lands to the plaintiff, O'Baugh's children being all of age.

Testimony was also adduced tending to prove the extent of the damage to the plaintiff's estate, about which there seems to be no controversy.

The defendant offered to read in evidence a certified copy of the record and proceedings in the action wherein O'Baugh had recovered judgment for a previous breach of the same contract. But, upon objection, this was excluded.

The court in effect told the jury to award such damages as the proof showed the plaintiff had sustained, and it refused to declare the law to be that, in order to maintain the action, it was necessary that the plaintiff should have been a party to the deed, or the heir or devisee of J. H. O'Baugh, or the administratrix of his estate. It further refused to declare that the contract between O'Baugh and the railway company had been merged in the judgment recovered in the action for the first breach, or that the plaintiff's rights were affected by O'Baugh's failure to re-enter upon the premises as for condition broken. The jury returned a verdict for $150, and a motion for a new trial was denied and all the exceptions were duly saved.

**1. COVENANT:** Running with the land. The railway company relies upon the rule, that the person to sue for the breach of a contract by deed is the person with whom the contract is expressed to be made, or his legal representatives; and that the right of action is not transferable. To this rule there are exceptions, one of which is the case of covenants annexed to, or running with, estates in land. *Dicey on Parties to Actions, Amer. ed., marg. pp. 101, 115, 119.* Mrs. O'Baugh's right of action therefore depends upon two considerations: 1st. Is the covenant to build the railroad track above overflow a covenant which ran with the land? And 2d. Does she stand in such relations to the covenantee, or to the

land upon which the structure was to be built as to entitle her to the benefit of the covenant? For if these propositions are resolved in the affirmative, we may discard, as unworthy of serious attention, the company's contention that the covenant was extinguished by the satisfaction of the judgment recovered by O'Baugh in his life time. That was for an earlier and distinct breach. And this was evidently intended to be a continuing covenant, notwithstanding the language is that the company agrees to build its track above overflow, and not that it agrees to build and maintain, etc. The company's object was to gain access to a certain bed of gravel in the Ouachita River. And the inducement for O'Baugh to grant it the right of way over his lands was to protect the land from inundation.

Nor need we dwell upon that other contention of the company, that the deed vested in it an easement upon a certain condition; that this condition was a condition subsequent, for the non-performance of which the remedy was to re-enter upon the land and put an end to the easement; and that this remedy could be exercised alone by the grantor and his heirs. We do not think that when the water rose above the track and spread over the land, O'Baugh was at liberty to tear up the track. The deed expressly stipulates for the use of the right of way so long as the company chooses to operate its road. The remedy of the land owner would seem to be an action for damages for each successive overflow.

In the present case the covenant was made with O'Baugh, who was the owner of the land upon which the track was to be built; it related to the particular land and was its benefit. It was not to do a thing collateral. That it was such a covenant as passes to each successive owner of the land, may be seen by comparison with some cases where the point has been adjudged. Thus in *Bronson v. Coffin, 108 Mass., 175*, and in *Easter v. Little Miama R. Co., 14 Ohio State, 48*, persons had granted a right of way to railroad companies and had cove-

nanted to fence the land through which the road passed and to keep it fenced. This covenant was held to bind subsequent grantees of the land. These cases were the converse of this. It was there decided that the liability to perform the covenant passed to the assignee of the land. But if, by the terms of the contract, the burden of fencing had rested upon the railroad company instead of the land owner, an assignee of the land would have the right to take advantage of the covenant.

In *Carr v. Lowry, 27 Penn. St., 257,* a mill owner had covenanted to repair a tail race leading from his mill over the land of another and to keep it free from obstruction and properly covered, in consideration of the grant of the right to make the race and use it for the purpose of the mill. This was held to create an obligation, which would pass to and rest upon every one to whom the mill might be transferred. So, in *Norfleet v. Cromwell, 64 N. C., 1,* it was held that a covenant to repair a canal dug for the purpose of draining the lands of the parties to the covenant runs with the land and binds a subsequent purchaser. So, also, a covenant in a deed of grant not to build upon the granted premises within ten feet of a street. *Winfield v. Henning, 21 N. J. Eq., 188.*

2. Same: Life tenant entitled to benefit of.

Now, what are the relations of Mrs. O'Baugh to the land? She is the life tenant, and her estate in the land is derived immediately from the original covenantee. Her rights and the liabilities of the railway company flow not from any assignment of right or contract, but from a privity of estate. She is the temporary owner of the land through which the railroad track passes. The grant of the easement by her predecessor in the estate binds her; but the covenant as to the height of the railroad track enures to her benefit. The contract imposes upon the defendant a legal duty to construct its track above overflow; and the neglect of that duty gives a cause of action to any one who holds under O'Baugh. The present owner is the person with whom and for whose benefit, in the eyes of the

law, the contract was made. *Smith's Lead. Cases, 8th Amer. ed., vol. 1, pt. 1, 158, 225, notes to Spencer's case; Masury v. Southworth, 9 Ohio St., 340.*

Judgment affirmed.