## FIELD *v.* MORRIS.

### Opinion delivered November 9, 1908.

REAL ESTATE—RESERVATION OF PERSONAL RIGHT—ASSIGNMENT.—Where a deed of a husband and wife conveying the fee simple to a tract of land owned by him reserved 1½ acres thereof in favor of the grantors, using the following words, "reserving to ourselves the use of the 1½ acres free of rent where the mill and gin stands in southwest corner of said tract, with the privilege of removing buildings and machinery therefrom, . . . . and we are to have the use of 1½ acres free of rent as long as we or others holding under us may want to use same for running machinery at said point," the reservation was personal and died with the husband.

Appeal from Lawrence Circuit Court, *W. E. Beloate,* Special Judge; reversed.

*George G. Dent,* for appellant.

There is here only a reservation of the *use* of the land, containing no words of inheritance. The reservation terminated upon the death of John Darter. Where a conveyance is made in fee, a reservation of the use of the land also in fee would be void. 1 Johns. Ch. 358; *Id.* 362; 82 Ark. 209; 26 Ark. 131.

The reservation in this case is in gross, and such a right is personal merely, not assignable nor inheritable. Washburn on Easements, 4th Ed. pp. 11 and 12, § § 8 and 9; *Id.* 13 § 10; *Id.* 45 § 29; *Id.* 17 §1; *Id.* 257 § § 161-162; *Id.* 35 § 2.

*H. L. Ponder,* for appellee.

Whether an easement in a particular case is appurtenant or in gross is determined mainly by the nature of the right and the intention of the parties creating it. The testimony shows

that the neighborhood needed the machinery at this point, and that Darter knew and appreciated the conditions, and made the reservation in the first deed to Townsend. Through all subsequent conveyances it was acknowledged and recognized. The original intention of the parties to create an easement appurtenant is manifest; such it grew to be, and, moreover, the presumptions are all in favor of appurtenant easements. 10 Am. St. Rep. 432; *Id.* 403, 405; 79 Ala. 288; 99 Am. Dec. 354; 113 Cal. 6366; 69 Ga. 455; 126 Ill. 542; 42 Ind. 44; 107 Mass. 591; 93 Mich. 599; 42 Minn. 398; 23 O. St. 614; 17 R. I. 495. No particular words are necessary to constitute a grant, and any words which clearly show an intention to give an easement which is by law grantable are sufficient. 10 Am. & Eng. Enc. of L., 2 Ed. 409, 411. Such an easement can be transferred. 81 Wis. 301; 90 Am. Dec. 161. It is assignable with the estate to which it belongs, although no words of inheritance were in the reservation. 107 Mass. 591; 133 Mass. 210. Appellant had notice of the reservation, and cannot now set up rights adverse to appellee. 10 Am. & Eng. Enc. of L. 2 Ed., 428; 116 Ill. 11; 46 O. St. 528. Long enjoyment of an easement will establish a right thereto. 2 Grant, Cas. 462; 22 Am. & Eng. Enc. of L. 2 Ed. 1186; 45 Conn. 409.

BATTLE, J. On the 2d day of February, 1892, John Darter and Mattie A. Darter, his wife, in consideration of $500 conveyed a certain tract of land to W. A. Townsend. They reserved the use of one and a half acres, using the following words, "reserving to *ourselves* the *use* of one and one-half acres free of rent, where the mill and gin stands in southwest corner of said tract, with the privilege of removing buildings and machinery therefrom, . . . and *we* are to have the *use of one and one-half acres free of rent* as long as we or others holding under us may want to use same for running machinery at said point."

On March 26, 1899, W. A. Townsend and wife, in consideration of $500, conveyed the same land to H. W. Townsend, "and unto his heirs and assigns forever," with the following reservation in the deed: "Reserving to *ourselves* the *use* of one and one-half acres where mill and gin now stand, free of rent with privilege of removing buildings and machinery therefrom; the same to be used for running machinery as long as *we desire.*"

On the third day of October, 1901, H. W. Townsend conveyed three acres of the same land to B. W. Field, the same being in the southwest corner thereof, with a reservation in the deed in the following words: "reserving, however, to said *party of the first part* (grantor) and his grantors (grantees) the use of one and a half acres where mill and gin now stand free of rent, with privilege of moving the building and machinery therefrom, same to be used for running machinery as long as said *grantors desire."*

On the 28th day of November, 1902, B. W. Field, in consideration of $200, conveyed the three acres of land to his wife, Laura C. Field; and on the 25th of September, 1903, she and B. W. Field conveyed the same to Carrie E. Stevenson, and she reconveyed it, on the second day of October, 1903, to Laura C. Field.

On the 28th day of October, 1903, John Darter conveyed to J. W. Morris "all the right, title, privilege and interest" reserved by him to the one and one half acres by his deed executed on the second day of February, 1892.

On the 19th day of December, 1905, J. W. Morris being in possession of the one and a half acres of land, Laura C. Field brought this action against him to recover them (the one and a half acres) and damages.

In the depositions taken in the case before the trial and read as evidence it was proved that John Darter was dead.

The issues in the case were tried by the court, sitting as a jury, by consent. He found that an "easement right" in and to the one and a half acres was created by the reservation contained in the deed executed by John Darter and Mattie A. Darter, his wife, to W. A. Townsend, on the second day of February, 1892, and that this right was acquired by the defendant; and rendered judgment in favor of the defendant for the same; and plaintiff appealed.

Was the right to use the one and a half acres appendant or appurtenant to land, or was it personal? If personal, it was not assignable or inheritable.

Professor Washburn says: "A man may have a way in gross over another's land, but it must, from its nature, be a personal right, not assignable nor inheritable, nor can it be made

so by any terms in the grant, any more than a collateral and independent covenant can be made to run with land." *Boatman* v. *Lasley,* 23 Ohio St. 614; Washburn on Easements (4th Ed.) pages 11 and 12, § 8.

"Where one granted an estate and in his deed reserved a right of way across it to a certain point, but made no mention or reference to any estate to which it was to be appurtenant, or with which it was to be used, it was held to be a way in gross, and not the subject of grant." *Wagner* v. *Hanna,* 38 Cal. 111; Washburn on Easements (4th Ed.) pages 11, 12, § 8.

Where "the owner of a certain lot of ground conveyed the same to trustees to be used as a grave yard, reserving 'the right and privilege to and for the said grantor, and every member of his family or their offspring, to mark off within the boundaries of the lot one square perch of ground in any locality thereof where they may think proper for their own and separate use forever for the burial of the dead,' it was held that the privilege thus reserved was personal to the grantor and his family, and was incapable of assignment to a stranger." *Pearson* v. *Hartman,* 100 Pa. St. 84.

In *Pierce* v. *Keator,* 70 N. Y. 419, where the owner of a farm conveyed a strip of it to a railroad company, "reserving to himself the privilege of mowing and cultivating the surplus ground of the strip not required for railroad purposes;" and where the farm was sold under a mortgage on it at the time the strip was conveyed, and the defendant who succeeded to the title of the purchaser, claiming under the reservation in the deed to the railroad company, entered upon the railroad land and cut and removed wheat growing thereon, it was held that the reservation in the deed to the railroad company was not an easement appurtenant to the remaining portion of the farm, but a right to the profits in the land conveyed, reserved to the grantors personally, not as owners of or for the benefit of the farm, and did not pass to purchaser at foreclosure sale or those holding under him.

In *Bates* v. *Duncan,* 64 Ark. 339, "where the owners of land, being engaged in erecting a building thereon, entered into a verbal agreement with a Masonic lodge that the lodge shall add a second story to the building, which it shall have the right to

use and occupy, it being understood, though not expressly provided, that it should be used as a lodge room, and afterwards the owners execute an instrument guarantying to the lodge the exclusive right to use and occupy such second story, together with the right of ingress and egress at such times as said lodge or its representatives may designate," it was held that the agreement conveyed only a personal right to the lodge, which was not assignable.

In Washburn on Easements it is said: "A right in gross (a personal right), whether an easement or a profit in the land, is clearly not assignable or inheritable if it is created by a grant in which the right is given to the grantee, without any mention of heirs or assigns or successors, etc., or other words which show an intent to extend the right beyond the person of the grantee. Such a grant conveys only a personal right to the grantee, and when he dies the right is extinguished, and no attempt which he may make in his lifetime to assign or transfer the right will be successful." Page 17, § 1.

In this case Darter and his wife conveyed all the land to W. A. Townsend in fee simple. The *use* of one and a half acres in the southwest corner of the land was reserved to themselves. "*We* are to have the use of 1½ acres free of rent," says the deed. How long? The deed says, "as long as we or others holding under us may want to use same for running machinery at said point." The last quotation from the deed shows only how long Darter and wife were to have the use of the land free of rent. "Others holding under us" refers to persons holding like tenants. No mention of heirs, assigns, or successor, or words of the same import is made in the reservation. It is exclusively to Darter and his wife; was personal, and died with Darter, his wife having had only the right of dower in the land and joined with him in executing the deed for the purpose of relinquishing dower.

Reversed and remanded for a new trial.

### ON REHEARING.

Opinion delivered December 7, 1908.

BATTLE, J. Appellee files a motion for a rehearing in this case in which he says: "If the judgment of this court remains

as it is, the appellee will be deprived of all of his improvements and machinery, worth from $3,000 to $4,000." The right to the improvements on the land in controversy was not expressly determined by the judgment of this court. The only question decided was, "Was the right to use the one and a half acres appendant or appurtenant to land, or was it personal?" The case will go back to the circuit court for a new trial. Appellee can present his right to improvements and to remove the same to that court for consideration and adjustment.

The motion is denied.