FORT SMITH GAS COMPANY *v.* GEAN.

4-2748

Opinion delivered November 28, 1932.

*Hill, Fitzhugh & Brizzolara,* for appellant.

*George W. Dodd,* for appellee.

BUTLER, J. On the 12th day of July, 1916, John Emrich and Katie E. Emrich conveyed to the appellant's predecessor in title a right-of-way across 240 acres of land to be used for the laying and maintenance of pipe lines for the transportation of oil and gas, and the privilege of erecting and maintaining telegraph and telephone lines, if necessary. Reservation was made by the grantors for the use of the premises, except for the purposes specified in the grant, that they might recover damages arising to the crops and fences if the same were injured by the grantees in the exercise of the easement. The consideration named in the deed for the grant of the right-

of-way was the sum of $1 "and the further consideration of all gas used by grantors for domestic use free of charge, to be paid when such grant shall be used or occupied."

After the execution of the conveyance the way for a pipe line was located and laid across the property of the grantors, some two or three hundred feet distant from a residence then occupied by Mr. and Mrs. Emrich. Emrich made connection with the pipe line, and laid a pipe from it to his home, and he and Mrs. Emrich used the gas for domestic purposes until they died some years later. After they died the residence was in charge of a caretaker for a time, who only used the basement. The lands were devised to a granddaughter, who, in August, 1931, conveyed five acres out of the tract, and on which the Emrich residence was located, to the appellees, no part of which was on the right-of-way. Shortly after this, a gas meter was installed by the appellants and a charge made for the use of the gas as was made to other customers in the city of Fort Smith. This resulted in the bringing of this action by the appellees to restrain the appellants from discontinuing the furnishing of natural gas for domestic purposes to the appellees in the Emrich dwelling, and for a mandatory injunction requiring them to furnish said gas free of charge.

The chancellor heard the case on the pleadings and testimony and found that the right to the use of gas free of charge was a covenant running with the land and became annexed and appurtenant to the dwelling house on the tract of land purchased by the appellees, and therefore they were entitled under their deed to the use of gas free of charge. The appellants seek a reversal of the decree on three grounds: first, that there was no covenant in the conveyance by Emrich of the right-of-way running with the land; second, that there could be no specific performance of the contract; and, third, that the contract is void as against public policy. We need consider only the first contention as our view of that is determinative of this litigation.

It is our opinion that the stipulation in the conveyance quoted, *supra,* was personal to the grantors and not a covenant real as is insisted by the appellees. We have examined with care all of the authorities cited in the splendid brief of counsel for the appellees which he contends support the view that the use of gas for domestic purposes mentioned in the conveyance of the right-of-way was a covenant running with the land and appurtenant to the Emrich residence. To sustain the view that a covenant to furnish gas is one to run with the land, counsel cite *Indiana Natural Gas Co.* v. *Harper,* 50 Ind. App. 555, 98 N. E. 743; *Harper* v. *Hope Natural Gas Co.,* 76 W. Va. 207, 84 S. E. 770, L. R. A. 1915E 570; *Indiana Natural Gas Co.* v. *Hinton,* 159 Ind. 398, 64 N. E. 224; and Thornton on Oil & Gas, (2d ed.) §§ 92 and 93 (now § 99, vol. 1, 4th ed.). An examination of these cases shows that all of them arose out of contract for lease of land for the exploration or production of oil and gas, and the furnishing of gas free of charge was a part of the rent issuing out of the demised premises.

The cases of *Johnson* v. *American Gas Co.,* 8 Ohio App. 124, and *Anderson* v. *Empire Natural Gas Co.,* 116 Kan. 501, 227 Pac. 347, 41 A. L. R. 253, cited by appellees, appear to be more nearly in point, but in the Johnson case the contract under consideration was one where the gas company was granted an easement over a certain farm in consideration of the sum of $1 and the furnishing of free gas in the residence of the grantor. The court in discussing the consideration, said: "Beyond question, the real consideration was the gas to be furnished * * * and this 'in the residence of John McLandsborough,' not to or for John McLandsborough, but in the residence; therefore, the name 'John McLandsborough' is descriptive of the residence in which the gas was to be furnished."

In the Alderson case, *supra,* the grant was the right of laying a gas pipe across the real estate of the grantor, and as part of the consideration therefor the grantee agreed to furnish gas "for use on the premises" at a

certain rate. Construing the language of the contract, the court said: "'The only reasonable construction of the contract is that gas was to be furnished on the premises leased for use in the buildings thereon by whoever might be the owner thereof at any time in the future, so long as the land is occupied by the pipe lines of the defendant."

*Murphy* v. *Kerr*, 5 Fed. (2d) 908, 41 A. L. R. 1359, cited by the appellees, was a case where a stipulation in a deed to furnish water on the tract of land conveyed was held to be a covenant running with the land, but the tract conveyed was without water and without means of obtaining it save in the mode existing at the time of the conveyance as mentioned in the deed. At the time the land was conveyed to the grantee, water was being conveyed into a reservoir then established on the land through pipes already laid connecting the reservoir with water on another parcel of land owned by the grantor. Here the easement was *in esse* at the time of the grant, and was not only beneficial, but essential to the use of the land conveyed. So, in the case of *Hess* v. *Kennedy*, a New Jersey case, 69 N. J. Eq. 138, 61 Atl. 464, where a deed conveyed a certain lot on which there was a residence with water fixtures and a drain pipe crossing another parcel of land belonging to the grantor and emptying into a public sewer, and where the deed contained no specific mention of the drain but the usual clause conveying "ways, waters, privileges, with the appurtenances, etc.," it was held that the drain then existing was an easement appurtenant to the lot conveyed and passed to the grantee and those holding under him because it was in being at the time of the grant and necessary for the enjoyment of the land conveyed.

In *Southern Pac. Ry. Co.* v. *Spring Valley Water Co.*, 173 Cal. 291, 159 Pac. 865, L. R. A. 1917E 680, relied on by appellee, the question involved was whether the language of the instrument constituted an agreement by the water company to furnish water to the railroad company, and, if so, whether an enforcement of it would be

opposed to public policy. The grant of the easement was "in consideration of the construction and maintenance of a highway at Newark Station and the free use of water therefrom for fire and station and all other railroad purposes." The court merely held that the stipulation contained such an agreement, and that the same was not contrary to public policy.

The facts in *Toothe* v. *Bryce,* 50 N. J. Eq. 589, 25 Atl. 182, and the principle involved are similar to the cases of *Murphy* v. *Kerr* and *Hess* v. *Kennedy, supra.* In none of these cases is the covenant like that in the case at bar. The two cases most nearly approaching this, as has been said, are *Johnson* v. *American Gas Co.* and *Alderson* v. *Empire Gas Co., supra,* but it is to be noted that in both of these cases, as has been said, the reference is made to "the premises" or "the residence" where the gas is to be used. It is the general rule that those covenants which are held to run with the land and to inure to the benefit of those succeeding in title to the grantee are such as generally affect the land itself and confer a benefit on the grantor, but where the covenant imposes a burden on real estate for the benefit of the grantor personally it does not follow the land into the possession of an assignee.

It is the contention of the appellants that the agreement to furnish the gas free of charge in consideration of the conveyance of the right-of-way was a personal right to the grantor, and to this view we assent. The consideration named in the conveyance was "all gas used by grantors for domestic use." It does not limit the use of gas to the grantor in his residence, or at any other place, but makes it personal to him to be used where and when it may be convenient, so long as its use is applied for domestic purposes. We are of the opinion, with the appellants, that the case of *Field* v. *Morris,* 88 Ark. 148, 114 S. W. 206, controls the case at bar, and the principle announced in Washburn on Easements, page 17, § 1, there quoted with approval by the court, applies here: "A right in gross (a personal right), whether an easement or a profit in the land, is clearly not assignable or inheritable

if it is created by a grant in which the right is given to the grantee, without any mention of heirs or assigns or successors, etc., or other words which show an intent to extend the right beyond the person of the grantee. Such a grant conveys only a personal right to the grantee, and when he dies the right is extinguished, and no attempt which he may make in his lifetime to assign or transfer the right will be successful.'' In the Field case the grantor inserted in the deed the following words: ''Reserving to ourselves the use of one and one-half acres free of rent, where the mill and gin stands in southwest corner of said tract, with the privilege of removing buildings and machinery therefrom, * * * and we are to have the use of one and one-half acres free of rent as long as we or others holding under us may want to use same for running machinery at said point.'' And, in commenting upon this, the court said: ''The last quotation from the deed shows only how long Darter and wife were to have the use of the land free of rent. 'Others holding under us' refers to persons holding like tenants. No mention of heirs, assigns, or successor, or words of the same import, is made in the reservation. It is exclusively to Darter and his wife, was personal, and died with Darter; his wife having had only the right of dower in the land and joined with him in executing the deed for purpose of relinquishing dower.''

It is argued that words of inheritance in connection with the covenant are not a prerequisite to a covenant running with the land, and that, by the terms of § 1498 of the Digest, such words are not necessary to convey an estate in fee simple; all this may be, but here the covenant is not real but personal, and there was no attempt by any one to convey Mr. and Mrs. Emrich an estate in fee, and the statute can have no application.

Reliance is placed by appellee on several cases of this court to sustain his contention that the covenant in the conveyance from Emrich is one which will inure to his successors in title, to-wit, *Railway Co.* v. *O'Baugh*, 49 Ark. 418, 5 S. W. 711; *St. L., I. M. & S. R. Co.* v. *San-*

*ders,* 91 Ark. 133, 121 S. W. 337; *Rugg* v. *Lemley,* 78 Ark. 65, 93 S. W. 570; *Bank of Hoxie* v. *Meriwether,* 166 Ark. 39, 265 S. W. 642; *Holtoff* v. *Joyce,* 174 Ark. 248, 294 S. W. 1006. But in none of these cases was the covenant like or similar to that in the Emrich conveyance; the first two involved the interpretation of agreements relating to the erection and mode of payment of "party walls"; the second two related to agreements under which dams and levies were built on the grantor's lands, and the last case (174 Ark. 248) was a covenant for an easement in an alley to be carved out of lands of the grantor adjoining as a way of ingress and egress to the parcel conveyed. In all of these cases the benefit was to the land, and the provisions in the several deeds were real covenants, as defined in *Bank of Hoxie* v. *Meriwether, supra,* as those which relate to the realty and having for its main object some benefit inuring to it.

In the instant case, as in *Field* v. *Morris, supra,* no mention is made in the deed of heirs, assigns or successors, or words of similar import used. The language used in the grant under consideration interprets itself. No premises or places are mentioned where the gas was to be used, nor are any words used indicating that it was for the benefit of any one but the grantors alone. Therefore, it was personal to the Emrichs and died with them. It makes little difference what the value of the right-of-way really was, or whether Emrich received more or less than its value in his lifetime, and the evidence on this issue we deem immaterial and unnecessary to set out, as we think that the language of the instrument itself must govern.

It follows from the views expressed that the trial court erred, and its decree must be reversed, and the cause remanded with directions to dismiss the complaint of the appellees for want of equity. It is so ordered.