LEFFEL GENTRY AND U. A. GENTRY *v.* DICK H. STRICKLIN ET UX

5-5422                                461 S. W. 2d 580

Opinion delivered January 11, 1971

*Leffel Gentry* and *U. A. Gentry,* pro se.

*House, Holmes & Jewell;* By: *Robert L. Robinson, Jr.,* for appellees.

CONLEY BYRD, Justice. The sole issue on this appeal by Leffel Gentry and U. A. Gentry is whether a preponderance of the evidence supports the Chancellor's finding that they had abandoned their right to enforce a restrictive covenant in a deed from them to George

T. Robinson et ux, from whom the appellees Dick H. Stricklin and Daisy L. Stricklin acquired their title.

The record shows that appellants at one time owned a quarter section of land on Faulkner Lake Road. In subdividing the land into one and two acre parcels, they proceeded with the idea of restricting it to residential purposes. To carry out this purpose, they placed in each of their twenty-two deeds the following restriction:

"LAND USE AND BUILDING TYPE. Said property shall not be used except for residential purposes. No building shall be erected, altered, placed or permitted to remain on the described tract other than one detached single-family dwelling not to exceed two and one-half stories in height, a private garage for no more than two cars, and appropriate accessory buildings, such as well house, smoke house, chicken house, etc."

Appellants later sold a substantial portion of the quarter section south of Faulkner Lake Road to Reed McConnell without placing any restriction in the deed.

The proof shows: that Mrs. U. A. Gentry owns a duplex on one parcel; Mr. U. A. Gentry's home parcel is now owned by the Besancons, who use the maid's quarters for a rent house; that the parcel originally sold to the Blands was used by them for a riding stable and now by the O'Quinns in connection with an Esso oil distributorship; that the Walker parcel is used in distributing crickets and worms; that the Hudson parcel is consistently used to park the trucks used in his business; and on the parcel sold to Billy Smith dogs are raised for sale.

The law on the subject is set forth in *Moore* v. *Adams*, 200 Ark. 810, 141 S. W. 2d 46 (1940), in this language:

" 'One can not obtain relief in equity against the violation of a restrictive agreement entered into in pursuance of a general plan if he, himself, is guilty of a substantial breach of the same restriction. Nor will the violation of a restriction be enjoined where it has been disregarded by the property owner seeking the injunction as well as by other property owners generally, even though their infringements of the restriction have not been to the extent of the one against which injunction is sought.' "

We are unable to say that the chancellor's conclusion under the law and the facts is contrary to a preponderance of the evidence.

Affirmed.