2009 Ark. App. 155

**Shannon ROOKE, Appellant,**

v.

**Robert SPICKELMIER and Connie Spickelmier, Appellees.**

**No. CA 08–833.**

Court of Appeals of Arkansas.

March 4, 2009.

Michael S. Robbins, Russellville, for appellant.

Kennard K. Helton, Dardanelle, for appellees.

COURTNEY HUDSON HENRY, Judge.

Appellant Shannon Rooke appeals the decision of the Yell County Circuit Court enforcing a restrictive covenant contained in the deed conveying property to her executed by appellees, Robert and Connie Spickelmier. For reversal, appellant argues that the trial court erred by refusing to remove the restrictive covenant where no general plan or scheme of development existed. We affirm the trial court's decision.

In 1988, Joseph and Judith Stocks owned a twenty-five-acre tract of land in rural Yell County. In October of that year, they created a plat dividing the property into eight lots for a proposed subdivision named Greenfield Lane. The plat stated that the lots would be subject to restrictions. However, neither the plat nor a bill of assurance was ever filed of record. Later in 1988, appellees purchased the twenty-five acres from the Stocks, and the deed contained no restrictions.

On June 11, 1996, appellees sold appellant ten acres of the property. The deed conveying the property to appellant contained the following restrictive covenant:

> THIS PROPERTY IS SUBJECT TO THE FOLLOWING RESTRICTIONS WHICH WILL RUN WITH THE LAND: 1) NO TRAILERS, MOBILE OR MODULAR HOMES OR COMMERCIAL ANIMAL OPERATIONS WILL BE ALLOWED ON THE PROPERTY. 2) ONLY SINGLE FAMILY RESIDENCES CAN BE CONSTRUCTED ON THE PROPERTY UP TO A MAXIMUM OF 3 RESIDENCES.

In January 2007, appellant filed suit against appellees seeking either to enforce the restrictions found in her deed against appellees' property or, alternatively, to re-

move the restrictive covenant contained in her deed. The trial court conducted a hearing on November 19, 2007.

Appellant testified that she was aware of the restrictions found in her deed when she bought the property. She said, however, that appellees have allowed mobile homes to be placed on their property since her purchase of the land. Appellant introduced into evidence photographs of a camper trailer and a mobile home located on appellees' property.

Appellee Robert Spickelmier testified that he placed the restrictions in appellant's deed primarily to prevent the operation of such things as a hog farm on appellant's property. Appellee admitted that he rented portions of his property to tenants who lived in mobile homes. He objected, however, to appellant using her property for similar purposes. Appellee testified that he had hoped the property would be developed into a subdivision when he purchased the land in 1988, but he said that his "dream" had not come to fruition because sewer service was not available.

In a letter opinion dated January 9, 2008, the trial court found that there was no plan or scheme of development when appellant purchased her property. The trial court also found that appellant purchased her property with full awareness of the restrictions. Thus, the trial court denied appellant's request to encumber appellees' property with the restrictions contained in appellant's deed. The trial court also declined to remove the restrictive covenant in appellant's deed.[1] Appellant timely filed a notice of appeal from the trial court's order incorporating these findings, and she argues on appeal that the trial court erred by refusing to remove the restrictions in her deed when the trial court found that there was no common scheme or plan of development.

In civil bench trials, the standard of review on appeal is not whether there is substantial evidence to support the findings of the court, but whether the judge's findings were clearly erroneous or clearly against the preponderance of the evidence. *Cochran v. Bentley*, 369 Ark. 159, 251 S.W.3d 253 (2007). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a firm conviction that a mistake has been committed. *White v. McGowen*, 364 Ark. 520, 222 S.W.3d 187 (2006).

We begin by noting that restrictions upon the use of land are not favored in the law. *Royal Oaks Vista v. Maddox*, 372 Ark. 119, 271 S.W.3d 479 (2008). It is also beyond the power of courts to establish restricted districts. *Moore v. Adams*, 200 Ark. 810, 141 S.W.2d 46 (1940); *see Knowles v. Anderson*, 307 Ark. 393, 821 S.W.2d 466 (1991); *Rickman v. Mobbs*, 253 Ark. 969, 490 S.W.2d 129 (1973). However, restrictions can be imposed in a manner authorized by law. *Moore v. Adams*, *supra*. The ordinary method of establishing restricted districts when new subdivisions are surveyed and platted is to file a plat and a bill of assurance, whereby the owner obligates himself not to convey except in conformity with the restrictions imposed in the bill of assurance. *McGuire v. Bell*, 297 Ark. 282, 761 S.W.2d 904 (1988). However, it is not always essential that there be a bill of assurance filed with

---

1. The trial court amended the pleadings to conform to the proof and made two additional findings. First, the trial court confirmed an easement held by appellees over appellant's property. Secondly, the trial court found that a public road existed across appellees' property, and the court enjoined the parties from blocking this roadway. Neither of these rulings is at issue in this appeal.

the plat of a subdivision, as the restricted use may be annexed to the deeds by which lots are conveyed. *See Harbour v. Northwest Land Co., Inc.,* 284 Ark. 286, 681 S.W.2d 384 (1984); *Moore v. Adams, supra.*

■ Insofar as restricted districts are concerned, the violation of a restriction will not be enjoined where it has been disregarded by the property owner seeking the injunction. *Gentry v. Stricklin,* 249 Ark. 791, 461 S.W.2d 580 (1971). Also, restrictive covenants in either a bill of assurance or deeds conveying the land are not enforceable where there is no general plan of development. *See Forrest Constr. v. Milam,* 345 Ark. 1, 43 S.W.3d 140 (2001); *Knowles v. Anderson, supra; Constant v. Hodges,* 292 Ark. 439, 730 S.W.2d 892 (1987); *McGuire v. Bell, supra; Harbour v. Northwest Land Co., Inc., supra.*

■ In this appeal, appellant relies on these settled principles to argue that the restrictions contained in her deed are not enforceable because there was no general plan of development and because appellees violated the restriction against mobile homes. However, these familiar rules of law find repose in cases dealing with the enforcement of restrictions in a subdivision or restricted-district setting. Here, no subdivision exists, as neither a plat nor a bill of assurance was filed, and no development occurred. Instead, this case concerns grantors who have conveyed a portion of their property by a deed that contains a restrictive covenant. The rule applicable in this situation is that a person owning a body of land and selling a portion thereof, may, for the benefit of his remaining land, impose upon the land granted any restrictions that are not against public policy. *See* Paul Jones Jr., *Arkansas Titles to Real Property* § 380 (1935 & Supp.1959); *see, e.g., St. Louis, I.M. & S. Ry. v. O'Baugh,*

49 Ark. 418, 5 S.W. 711 (1887). No general plan of development need exist in order to make a restrictive covenant enforceable, if it is imposed by a grantor of a single tract conveyed by him for the benefit of adjacent property retained by him. *Chevy Chase Village v. Jaggers,* 261 Md. 309, 275 A.2d 167 (1971). Covenants of this kind may run with the land and are binding on successors in interest. *See, e.g., Nordin v. May,* 188 F.2d 411 (8th Cir.1951) (applying Arkansas law); *Linder Corp. v. Pyeatt,* 222 Ark. 949, 264 S.W.2d 619 (1954); *Bank of Hoxie v. Meriwether,* 166 Ark. 39, 265 S.W. 642 (1924); *St. Louis, I.M. & S. Ry. v. O'Baugh, supra.* Others are considered personal to the grantor and thus are not enforceable by or against successors in interest. *Savings, Inc. v. City of Blytheville,* 240 Ark. 558, 401 S.W.2d 26 (1966); *Ft. Smith Gas Co. v. Gean,* 186 Ark. 573, 55 S.W.2d 63 (1932); *Field v. Morris,* 88 Ark. 148, 114 S.W. 206 (1908); *see also Chappell v. Winslow,* 144 F.2d 160 (4th Cir.1944); *Hyde v. Liebelt,* 394 N.W.2d 888 (S.D.1986).

In this case, appellees restricted the use of appellant's property in a manner authorized by law. Appellant accepted the restrictions contained in the deed when she purchased the property. Consequently, we cannot conclude that the trial court's decision enforcing the restrictive covenant is clearly erroneous.

Affirmed.

HART and GLOVER, JJ., agree.