Cite as 2020 Ark. App. 549

# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CV-19-933

EDDY ARNOLD

APPELLANT

V.

DR. MARY PITTS, MR. MIKE DOYLE, BOARD OF TRUSTEES OF ARKANSAS STATE UNIVERSITY, AND DR. CARL CATES

APPELLEES

**Opinion Delivered** December 9, 2020

APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT
[NO. 16JCV-18-731]

HONORABLE RICHARD LUSBY, JUDGE

AFFIRMED

## RITA W. GRUBER, Chief Judge

Pro se appellant Eddy Arnold appeals from an order of the Craighead County Circuit Court dismissing his complaints against appellees, the Board of Trustees of Arkansas State University, Dr. Mary Pitts, Mike Doyle, and Dr. Carl Cates. We affirm.

This action originated on June 15, 2018, when Mr. Arnold filed a pro se complaint for "libelous defamation of character" against the Board of Trustees of Arkansas State University and two of its employees, Dr. Mary Pitts and Mike Doyle. On July 31, 2018, these appellees moved to dismiss on the basis of sovereign immunity and failure to state facts upon which relief could be granted. Mr. Arnold filed a motion to revise his complaint on November 7, 2018, which he later moved to withdraw when he filed a subsequent motion to revise his complaint on April 5, 2019. The April 5 motion sought to add Dr. Carl Cates as a defendant; to revise the complaint title to "complaint for libelous defamation of

character and wrongful termination"; and to attach the motion to "Complaint # l6J CV–18-731." Also on April 5, Mr. Arnold filed a motion asking the circuit court to order to Dr. Carl Cates to produce "a of copy of his 7/19/17 'agreement' document, which was snatched away from the plaintiff on 7/19/17." On April 18, appellees filed a motion to dismiss the revised complaint and brief in support, which also adopted and incorporated the July 31, 2018 motion to dismiss and brief in support.

The court held a motions hearing on June 25. After hearing arguments from Mr. Arnold and counsel for appellees, the circuit court took both the motion to dismiss and Mr. Arnold's motion regarding Dr. Cates under advisement, subject to appellees' counsel's providing cases referenced in their argument to both the court and Mr. Arnold, who was also invited to submit cases. On June 28, appellees filed a posthearing brief in support of their motion to dismiss. Also on June 28, Mr. Arnold filed an amended complaint for "libelous defamation and illegitimate termination" as well as a request for judicial notice, providing that

> [d]uring the 6/25/19 hearing, the plaintiff objected to the defendants' mischaracterization of the complaint. Also, the defendants introduced new cases, which they had not provided in their pleadings. To correct that error, the court requested a copy of the defendants' newly referenced cases, plus any additional cases by the plaintiff, to be submitted by 5PM on Friday, 6/28/19.
>
> Consequently, the plaintiff integrated the additional cases into an amended complaint submitted today, concurrent with this request for judicial notice.

On July 2, appellees filed a motion to dismiss Mr. Arnold's amended complaint filed on June 28, to which Mr. Arnold filed a responsive pleading.

The court entered an order on August 23, 2019, dismissing Mr. Arnold's complaint and finding his motion in regard to Dr. Cates moot. In doing so, the circuit court recognized appellees' motion to dismiss filed after the motions hearing. The court wrote:

From the pleadings, motions, responses, briefs, statements, and arguments of plaintiff and counsel for defendants, the court finds defendants' motions to dismiss should be granted for the reasons set forth herein. As the court finds that plaintiff's complaint and revised or amended complaints failed to state a claim upon which relief can be granted, plaintiff's Motion for Court Order to Dr. Carl Cates is denied as being moot.

In its six-page order, the circuit court explained its decision with citation to law. The circuit court further explained that even if Mr. Arnold's complaint had stated a claim, his claims would have been barred by the doctrines of sovereign immunity as well as qualified privilege. Mr. Arnold filed a timely notice of appeal.

Mr. Arnold purports to raise numerous arguments on appeal. However, these arguments are practically incomprehensible because they are so poorly developed. To the extent that we can follow Mr. Arnold's arguments, he fails to cite any legal authority besides a general reference under each of the six section headings to "[Citation: Constitution of the State of Arkansas]." It is well established that we will not consider arguments not supported by convincing argument or citation to legal authority. *City of Little Rock v. Nelson ex rel. Nelson*, 2020 Ark. 19, at 6, 592 S.W.3d 666, 670; *Robinson v. MidFirst Bank*, 2014 Ark. App. 342, at 1–2. Our court will not make appellants' argument for them or consider an argument that is not properly developed. *Teris, LLC v. Chandler*, 375 Ark. 70, 289 S.W.3d 63 (2008). The failure to cite legal authority or develop a point legally or factually is reason enough to

3

affirm the circuit court's order. *Williams v. Baptist Health*, 2020 Ark. 150, at 20, 598 S.W.3d 487, 501 (citing *Walters v. Dobbins*, 2010 Ark. 260, 370 S.W.3d 209).

Although we recognize that Mr. Arnold is representing himself in this matter, pro se appellants are held to the same standard as those represented by counsel and receive no special consideration of their argument. *Robinson*, *supra*; *Watkins v. Ark. Dep't of Agric.*, 2018 Ark. App. 460, at 7, 560 S.W.3d 814, 821. Mr. Arnold has not developed his arguments, cited to relevant authority, or specified any grounds on which we might reverse. Therefore, we affirm the circuit court's order.

Affirmed.

GLADWIN and HARRISON, JJ., agree.

*Eddy Arnold*, pro se appellant.

*Bradford J. Phelps*, Arkansas State University System, for appellees.