Cite as 2022 Ark. App. 118

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CV-21-158

| | |
|---|---|
| CARLTON NEWSOME<br>APPELLANT | OPINION DELIVERED MARCH 9, 2022<br><br>APPEAL FROM THE UNION COUNTY CIRCUIT COURT<br>[NO. 70CV-14-66] |
| V. | |
| CITY OF EL DORADO, ARKANSAS<br>APPELLEE | HONORABLE DAVID F. GUTHRIE, JUDGE<br><br>AFFIRMED |

**ROBERT J. GLADWIN, Judge**

Carlton Newsome appeals the Union County Circuit Court's December 17, 2020 judgment awarding $6,792 to appellee City of El Dorado, Arkansas ("the City"), as reimbursement of demolition costs for Newsome's condemned property. In this pro se appeal, Newsome argues seven points for reversal. We affirm.

## I. *Facts and Procedural History*

On March 13, 2014, the City filed a complaint alleging that Newsome owed $8,100 for demolition and removal of a structure at 703 Union Street. The record reflects that on April 22, Newsome joined two other plaintiffs in a complaint against the City filed in the United States District Court, Western District of Arkansas.[1] Therein, Newsome filed a

---

[1]*Hill v. City of El Dorado*, No. 13-CV-1089, 2016 WL 2889071 (W.D. Ark. May 17, 2016) (unpublished).

"Notice of Removal" and claimed that "the instant action encompasses all matters in the state court actions." The City responded by filing a motion for remand. On July 17, Newsome's motion to remove to federal court was denied.[2]

Thereafter, in the circuit court, Newsome filed his answer and counterclaim alleging due-process and equal-protection claims. Regarding the $8,100 bill for demolition, Newsome claimed that the City had failed to provide him "notice . . . of the method used to derive at [sic] the costs for removing the structure . . . which rendered the actions of [the City] ultra vires and violated" his constitutional rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, the Arkansas Constitution, and 42 U.S.C. § 1983. He also claimed that he received a letter from the City stating its policy that "if a person cooperates . . . the charge of demolition is $3.00 a square foot and will be dropped to $1.50 a square foot," but he claimed that the notice was not given to him before the demolition of his property. He argued that this violated Arkansas Code Annotated section 14-56-203 (Supp. 2021) and resulted in a taking of his property without due process.

On August 5, 2015, Newsome moved to dismiss, arguing that the City failed to file a lien against his property for the clean-up work under Arkansas Code Annotated section 14-54-903(c)(1) (Supp. 2021), which, he argued, is the exclusive mechanism for collecting costs of the demolition. The City responded that it was not seeking a tax lien and that it had proceeded against Newsome for a debt collection under statutory authority. *See* Ark. Code

---

[2]The United State District Court also denied Newsome's motion for reconsideration on this issue.

Ann. §§ 14-54-102 (Repl. 1998), -103(i) (Repl. 1998), -104(3)(D) (Supp. 2021); § 14-56-203; §§ 14-43-601(a)(1)(J) (Repl. 2013), -602(a) (Repl. 2013). On October 28, the circuit court denied Newsome's dismissal motion.

In the meantime, the federal case that Newsome had joined continued. In its September 29, 2015 order granting summary judgment to the City, the district court addressed Newsome's Fourteenth Amendment claims as follows:

> Those claims which relate to the alleged arbitrary process used by the City in selecting properties to condemn and demolish are . . . construed as substantive due process claims. Those claims related to Plaintiffs' lack of notice of the condemnation proceedings are construed as procedural due process claims. All claims related to the unequal treatment of Plaintiffs by the City are construed as equal protection claims.

(Citations omitted.) The district court found that Newsome's facial challenge to any ordinance is without merit; that Newsome failed to demonstrate a genuine disputed issue of material fact regarding his substantive due-process claims; that Newsome had received actual notice that the city council had voted to condemn his property at 703 Union Street, and he failed to exhaust his remedies; and that there is no disputed issue of material fact sufficient to reach a jury on Newsome's equal-protection claims.[3] The United States Eighth Circuit Court of Appeals affirmed the district court's summary-judgment order.[4]

On May 17, 2018, the City moved to dismiss Newsome's counterclaim on the basis of res judicata because Newsome's claims were either addressed or could have been addressed

---

[3]*Hill v. City of El Dorado*, No. 13-CV-1089 (W.D. Ark. Sept. 29, 2015) (order on summary judgment).

[4]*Hill v. City of El Dorado*, No. 16-2854 (8th Cir. June 8, 2017) (mandate).

by the federal litigation. Newsome responded that res judicata did not apply to prevent his counterclaim because the federal court found that he had not exhausted all of his state remedies, and there was no adjudication on the merits of his claim. He stated that he was not apprised of when the city council would meet to consider condemnation of his property, and he argued that he received insufficient notice of due process.

On June 25, the circuit court granted the City's dismissal motion. The court held that all of Newsome's claims had been addressed in the federal case and that res judicata and collateral estoppel prevented Newsome from relitigating those claims. "In addition, the failure to exhaust state remedies is a jurisdictional defect that cannot be remedied by this court."

Thereafter, Newsome filed a series of motions, including several motions to compel production of documents. On February 26, 2019, the circuit court considered Newsome's motions to compel and ordered:

> Henry Kinslow, counsel for Plaintiff [City], shall consult with Kirby Craig, the city inspector, and provide to Carlton Newsome:
>
> 1. The policy of the city concerning charges for building demolition.
>
> 2. The calculations of the $8,100.00 charge for the building in issue.
>
> 3. The measurements of the building in issue.
>
> This information shall be provided to Carlton Newsome by close of business March 11, 2019. Thereafter, the parties shall have settlement negotiations.
>
> The multiple and repetitive motions of Carlton Newsome are denied.

4

On March 15, Newsome filed a motion to dismiss and for sanctions, arguing, among other things, that the City's attorney, Henry Kinslow, had violated Rule 11 of the Arkansas Rules of Civil Procedure and had refused to send Newsome the requested records. The City responded that the tax assessor's records had been provided to Newsome.

On May 15, 2019, Newsome moved to disqualify Mr. Kinslow "under the advocate-witness rule" because he would be called as a witness in the upcoming trial. By order filed June 24, the circuit court found that the issue regarding the City's calculation of the demolition cost of $8,100 was moot because the City had amended its claim to $6,792 (2,264 square feet times $3.00) on the basis of an appraisal from the tax assessor's office. Also, the court denied Newsome's motion to disqualify Mr. Kinslow.

On August 20, Newsome filed in the Arkansas Supreme Court a petition for writ of mandamus, seeking to compel the circuit court to dismiss the City's claim and to reinstate his counterclaim. Alternatively, he asked that the circuit court be ordered to compel Mr. Kinslow to be a fact witness and to be disqualified from acting as an advocate for the City. The writ was denied on September 19.

On September 25, Newsome filed a motion to compel production of documents, asking for supporting documents on the City's new policy of using the measurement based on the county assessor's appraisal. On April 27, 2020, the circuit court entered its order denying the motion as follows:

2.     At a hearing on May 7, 2019, [City] counsel, Henry Kinslow, made an oral motion to amend [the City's] claim for damages. The basis of the original claim was $8100 calculated at $3.00 a square foot for a house estimated to be 2700

5

square feet in size. Mr. Kinslow stated that a document from the Tax Assessor's office listed the area at 2264 square feet, a more accurate figure. Using the same formula, the [City's claim] would be reduced to $6792. Accordingly, Mr. Kinslow then moved to amend the claim of his client to that figure. Ruling from the bench, the Court granted the motion, which was later confirmed in the Order filed May 14, 2019.[5]

3.    A lawyer speaks for his client and the conduct of counsel is binding on that client. Mr. Kinslow has now bound his client, to a claim of $6792, which is beneficial to [Newsome]. The amended claim does not require the approval of the City Council or the development of a new written policy. It was put into effect in this case by the conduct of counsel in court through his discretion in the representation of his client.

4.    There is no indication that [Newsome] has taken the depositions of Kirby Craig, the City's Code Enforcement Officer who is involved with the building demolition project, or other employees or officials of the City. Also, [Newsome] has not retained counsel for assistance. [Newsome] should consider alternative discovery.

5.    The present motion rehashes issues previously addressed, argues with the findings of the Court in prior orders and submits additional requests. All of these factors are improper. The time frame for a motion to reconsider a ruling has expired.

6.    [Newsome] shall take note of the prior directives of the Court:

   a.    not to file repetitive pleadings on the same or similar issue;

   b.    not to file with the clerk copies of correspondence to opposing counsel, self-serving affidavits, exhibits or evidence. Testimony and evidence are submitted at trial;

   c.    not to send the Court copies of correspondence to opposing counsel;

   d.    not to file a complaint against Henry Kinslow with the Office of Professional Conduct during this case;

---

[5]The ruling was confirmed in the order filed June 24, 2019.

e.     not to appeal this order in any form before final trial. This order is not a final older nor does it qualify for an interlocutory appeal. The final judgment entered after trial on the merits may be appealed by either party and that appeal would include all prior orders.

7.     A violation of any of these directives may result in the imposition of sanctions.

8.     The parties should also note that if a document is not, produced in response to discovery requests but is then produced at trial, it is subject to being ruled inadmissible and excluded from evidence.

On July 1, Newsome moved to extend time to file a motion for reconsideration, citing a delay in obtaining transcripts of hearings, and on August 28, Newsome filed another motion to compel production of documents. On November 25, the circuit court denied the motion to extend time, finding that it was repetitive and frivolous. Further, the court denied the motion to compel, finding it

> improper as [production] requests are not submitted by motion. In addition, the requests concerning the calculation of damages and counsel's authority to modify the calculation have also been before the Court and clearly decided. Counsel's authority to represent the City of El Dorado is not relevant.

The court held that these motions violate the court's prior orders by "presenting repeatedly issues previously decided." The court ordered that a trial be set by separate notice and that Mr. Kinslow should produce Kirby Craig, the City's building code compliance officer, to testify at the hearing.

Thereafter, Newsome filed a motion for Judge Guthrie to recuse himself, questioning the judge's impartiality, and at the pretrial hearing, the circuit court denied the motion. At the hearing, Kirby Craig testified that he is employed by the Public Works Department for the City and has worked for the City for twenty-eight years. He said the house at 703 Union

7

Street was put on the list for condemnation during the City's efforts to clean up its neighborhoods. He went to the city council with his recommendation, and on August 22, 2013, it voted for Resolution 1404 to condemn the property at 703 Union Street. He said that the 2013 "tax card" for 703 Union Street reflects that the square footage is 2,264 and that the modified bill for the removal is $6,792. On redirect examination, he said that it is the City's policy to charge $3.00 a square foot for demolition of condemned houses and if people "come in and cooperate," a payout agreement for half that amount would be made. When the City has to obtain a judgment, "it goes to $3.00 for extra costs."

After the City rested its case, Mayor Veronica Smith-Creer testified that she had not seen the City's policy on charging $3.00 a square foot for demolition. She did not know what authority Mr. Kinslow had in regard to charges for demolition costs.

Willie McGhee stated that numerous people had complaints regarding condemnation proceedings. He explained the city council's procedure in obtaining information about the properties, and he did not know if the property owners were given notice of the proceedings. Regarding the $3.00-per-square-foot charge for demolition, he understood that Mr. Kinslow, the mayor, or the code-enforcement officer determines whether someone is cooperating, and he had not seen a written policy.

The circuit court ruled that the City was entitled to judgment in the amount of $6,792, and the order was filed on December 17, 2020. Newsome filed a timely notice of appeal, and this appeal followed.

II. *Standard of Review and Applicable Law*

In civil bench trials, the standard of review on appeal is whether the circuit court's findings were clearly erroneous or clearly against a preponderance of the evidence. *Tadlock v. Moncus*, 2013 Ark. App. 363, at 3, 428 S.W.3d 526, 529 (citing *Rooke v. Spickelmier*, 2009 Ark. App. 155, 314 S.W.3d 718). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court, on the entire evidence, is left with a firm conviction that a mistake has been committed. *Id.* We review a circuit court's conclusion regarding the application of res judicata as a question of law, which this court reviews de novo. *Skinner v. Shaw*, 2020 Ark. App. 407, 609 S.W.3d 454.

This court has previously addressed a case wherein protracted litigation led to a pro se appeal:

> We . . . note that this appeal poses some unique challenges. Appellants' arguments are often practically incomprehensible because they are poorly developed and citations to relevant authority are rare. The burden is on appellants to demonstrate error and to bring up a record that so demonstrates. *RAD-Razorback Ltd. P'ship v. B.G. Coney Co.*, 289 Ark. 550, 713 S.W.2d 462 (1986). Our court will not make appellants' argument for them or consider an argument that is not properly developed. *Teris, LLC v. Chandler*, 375 Ark. 70, 289 S.W.3d 63 (2008). Thus, in instances where appellants' argument is unclear, we do not address it.
>
> The fact that appellants have chosen to represent themselves does not allow us to give special consideration to their case. Appellants' right to represent themselves carries with it concomitant responsibilities, and pro se appellants receive no special consideration of their argument and are held to the same standard as licensed attorneys. *Elder v. Mark Ford & Assoc.*, 103 Ark. App. 302, 304, 288 S.W.3d 702, 704 (2008).

*Watkins v. Ark. Dep't of Agric.*, 2018 Ark. App. 460, at 6–7, 560 S.W.3d 814, 820–21.

Keeping this standard in mind, we address only those points that are clear and supported by authority and convincing arguments. Newsome argues that (1) he received no

prior notice of the condemnation hearing; (2) the City's attorney provided inaccurate information to the city council at the condemnation hearing; (3) the City filed the "wrong type of lawsuit"; (4) Newsome's counterclaim was improperly dismissed; (5) the City does not have a policy of charging $3.00 a square foot for demolition "if you don't cooperate" and $1.50 a square foot "if you do cooperate"; (6) the City's attorney should not be exempt from following court orders; and (7) the City's attorney should not be allowed to hide evidence. We do not address points (2), (5), (6), and (7), nor do we address Newsome's "Additional Comments" because he has not developed his arguments, cited relevant authority, or specified any grounds on which we might reverse. *Arnold v. Pitts*, 2020 Ark. App. 549, at 4.

### III. *Discussion*

Newsome's arguments regarding notice of the condemnation hearing, the City's filing of the "wrong type of lawsuit," and the dismissal of his counterclaim are barred by the doctrine of res judicata.[6] Newsome acknowledges that the district court found that he had received actual notice that his property had been voted to be condemned and that he failed to exhaust his remedies; however, he argues that there is nothing in the record to prove that he received notice of the condemnation hearing. Citing Arkansas Code Annotated section 14-54-903, Newsome contends that the City's appropriate cause of action would have been to file a lien against his property. He also claims that the circuit court improperly dismissed

---

[6]See Newsome's arguments (1), (3), and (4).

10

his counterclaim, arguing that "because of the remand," there is no final judgment against him in the federal case.

The concept of res judicata has two facets, one being claim preclusion and the other issue preclusion. *Sutherland v. Edge*, 2021 Ark. App. 428. Res judicata bars not only the relitigation of claims that were actually litigated in the first suit but also those that could have been litigated. *Id.* Where a case is based on the same events as the subject matter of a previous lawsuit, res judicata will apply even if the subsequent lawsuit raises new legal issues and seeks additional remedies. *Id.* The purpose of the res judicata doctrine is to put an end to litigation by preventing a party who had one fair trial on a matter from relitigating the matter a second time. *DeSoto Gathering Co., LLC v. Hill*, 2018 Ark. 103, 541 S.W.3d 415. The key question regarding the application of res judicata is whether the party against whom the earlier decision is being asserted had a full and fair opportunity to litigate the issue in question. *Winrock Grass Farm, Inc. v. Affiliated Real Est. Appraisers of Ark., Inc.*, 2010 Ark. App. 279, 373 S.W.3d 907. Res judicata is based on the assumption that a litigant has already had his day in court. *Cox v. Keahey*, 84 Ark. App. 121, 133 S.W.3d 430 (2003).

The claim-preclusion aspect of res judicata bars relitigation of a claim in a subsequent suit when five factors are present: (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based upon proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits involve the same claim or cause of action; and (5) both suits involve the same parties or their privies. *Winrock*, 2010 Ark. App. 279, at 6–7, 373 S.W.3d at 912. Issue preclusion, otherwise known as collateral estoppel, applies when the following elements

11

are present: (1) the issue sought to be precluded must be the same as that involved in the prior litigation; (2) the issue must have been actually litigated; (3) the issue must have been determined by a final and valid judgment; and (4) the determination must have been essential to the judgment. *Id.* at 10, 373 S.W.3d at 914.

The district court found that Newsome had actual knowledge that his property had been condemned and that he failed to exhaust his remedies. By failing to appeal the city council's decision to the circuit court, Newsome waived his right to complain about lack of notice of the condemnation hearing. *See* Ark. Code Ann. § 14-56-425 (Supp. 2021); Ark. Dist. Ct. R. 9(f). Newsome's opportunity to raise his argument regarding the basis for the City's lawsuit against him was within the district court's case. Thus, res judicata applies to prevent Newsome's claims on appeal, and the circuit court correctly applied res judicata in dismissing Newsome's counterclaim.

Affirmed.

HARRISON, C.J., and ABRAMSON, J., agree.

*Carlton Newsome*, pro se appellant.

*Henry C. Kinslow*, Attorney for the City of Eldorado, for appellee.