PYLES *v.* HOLLAND.

4-3029

Opinion delivered June 5, 1933.

*Hughes & Davis,* for appellant.
*C. M. Buck,* for appellee.

BUTLER, J. On July 3, 1931, the appellees filed their petition in the chancery court for the Chickasawba District of Mississippi County, Arkansas, alleging that the appellants were indebted to them for an attorney's fee which had been earned and refused to be paid. Judgment was prayed for the amount of the fee, that the same be declared a lien on certain lots in the city of Blytheville, and that, if the judgment was not paid within a time to be fixed by the court, the property be sold to satisfy the judgment. Summons was duly issued on this petition and served upon the appellants upon said July 3d.

On the 19th day of November following, the petition came on for hearing, but the defendants (appellants here) filed no answer or other pleading, and the cause was thereupon submitted on the petition, proof of service thereon, and oral testimony. The court found that the petitioners were entitled to the sum prayed and to a lien on the lots, and that, if the judgment was not paid within the time specified, the lots be sold to satisfy the same. The judgment remained unpaid, and the commissioner appointed by the court proceeded to sell the property on the notice, manner and terms prescribed by the court, and on the 26th day of September, 1932, reported said sale to the court for confirmation.

The appellants filed exceptions to the sale on the ground that the decree on which the sale was based is void because the petition and decree show on their face that the petitioners had no lien, in that there was no recovery of property in the cause. The appellants had also in July, 1932, preceding filed a bill to review the proceedings resulting in the decree, the allegation which is the basis of the relief prayed being practically the same as that contained in the motion.

To the bill of review the appellees filed a general demurrer, which was sustained by the court, and the bill and motion dismissed by the court for want of equity.

It appears that the motion and bill were treated as one proceeding, and on appeal it is the contention that error is apparent in that the petition of the appellees and the decree based thereon show on their face without

the aid of evidence that there was no recovery of the lots for the appellants, but only a successful defense interposed in the proceeding out of which the claim for attorney's fee grows, and that in that state of case a decree fixing a lien on the lots was improper and void.

The appellees present three reasons why the decree of the lower court should be affirmed: first, that the bill, of review was not filed in apt time; second, that, before obtaining a review of the decree adjudging a lien for the attorney's fee, the appellants must have offered to do equity by paying, or securing the payment of, the attorney's fee adjudged to be due, and that this had not been done; and, third, that there is no error apparent upon the face of the record.

We deem it unnecessary to set out in detail the petition of the appellees and the decree based thereon which is sought to be set aside or discuss the second and third points, for the reason that, in our opinion, the bill of review was not filed in apt time. In *Jacks* v. *Adair,* 33 Ark. 173, this court held that bills of review were not abolished by the Code, and might still be invoked in a proper case. We have no statute limiting the time in which a bill of review may be filed. The bill under consideration is for error apparent, and the rule is that "a bill of review for error apparent on the record must be brought within the time allowed for an appeal or writ of error except in case of plaintiff's disability." 3 Ency. Plead. & Prac., p. 583, § 6, note 1, and cases cited therein.

"In a bill of review brought for error of law, the rule is that the error must be apparent on the face of the record, that is, in this country, upon the bill, answer and other pleadings and proceedings and the decree. It is not allowable to look into the evidence to establish it; that can only be done by appeal. But errors on the record in matter only of form or abatement are not considered sufficient grounds for reversing a decree.

"A bill of review for error apparent may be brought without leave of court, but it will not lie after the time when a writ of error could be brought, or an appeal taken, or in some jurisdictions when a new trial could be

had if the decree were a verdict in an action at law. In a few States the codes set a definite time limit within which bills of review must be brought.'' Whitehouse, Equity Practice, vol. 1, p. 280, § 144.

''The period within which a bill of review may be brought to reverse a decree for error apparent on the face of the record is ordinarily limited to the time allowed by statute for the taking of an appeal, or the bringing of a writ of error. Very generally this limit is not fixed by statute, nor by any of the equity rules, but it has been adopted as proper on equitable principles, and is based on the analogy of the statute limiting the period of appellate relief.'' 10 R. C. L., p. 572, § 360.

The reason for the rule stated in the cases on this subject is that courts of equity, as originally constituted, had no legislative authority, and no time of bar could be fixed by positive rule of law; but these courts, acting on the maxim, ''Equity follows the law,'' adopted as a bar to proceedings before them the period of limitation fixed in similar cases arising at law. This reason applies with peculiar emphasis in this State to bills of review because the Legislature has fixed the limit of time within which appeals may be taken in causes of equity, thus creating an analogy between the two remedies, as is said in *Thomas* v. *Brockenbrough,* 10 Wheat. 146, ''so apparent that the court is constrained to consider the latter as necessarily comprehended within the equity of the provision respecting the former.'' In that case the court pointed out that, if the rule were otherwise, and if a bill of review to reverse a decree on the ground of error apparent on its face might be filed at a period of time beyond that limited for an appeal, it would follow that an original decree might in effect be brought before the Supreme Court for re-examination after the period prescribed by law for an immediate appeal from such decree by appealing from the decree of the court below upon the bill of review. In other words, the party complaining of the original decree would, in this way, be permitted to do indirectly what the statute has prohibited

him from doing directly. We have made diligent search and have been unable to find any decision holding contrary to the rule announced by the authorities *supra.*

An appeal or writ of error shall not be granted beyond six months after the rendition of the judgment order or decree sought to be reviewed, except as to persons under disability. Section 2140, Crawford & Moses' Digest. We therefore hold that, since the proceeding by which the decree sought to be reviewed was filed beyond six months from the date of the decree, the rule above announced applies, and the lower court properly sustained the demurrer and dismissed the complaint, although its decision was based on other grounds.

The decree is accordingly affirmed.