T. G. Watkins *v*. Madge Watkins

5-4159                                  412 S. W. 2d 609

Opinion delivered March 20, 1967

*Shackleford & Shackleford,* for appellant.

*Beryl Anthony Jr.,* for appellee.

GEORGE ROSE SMITH, Justice. The only question upon this appeal is whether a bill of review to obtain a modification of a divorce decree can be filed after the expiration of the time for appeal. The chancellor dismissed the bill, holding that it was filed too late.

The appellee obtained a divorce on September 8, 1965. The parties owned two tracts of land as tenants by the entirety. The decree awarded one to the appellee and the other to the appellant. On April 19, 1966, the chancellor, in response to a petition for clarification filed by the appellant's original attorney, entered a supplemental decree directing the parties to put the initial decree into effect by an exchange of deeds. There was no appeal from either decree.

On June 9, 1966, the appellant, by his present counsel, filed a bill of review asserting that the court had acted beyond its authority in awarding to the appellee a tract owned by the entirety. The bill, as later amended, asked that the two decrees be amended by the deletion

of the provision in question. The chancellor, as we have said, dismissed the bill of review.

Under our holding in *Pyles* v. *Holland,* 187 Ark. 550, 60 S. W. 2d 1029 (1933), the chancellor was right. There we held that a bill of review such as this one, for error supposedly apparent on the face of the record, must be filed within the time allowed for an appeal. We pointed out that if the rule were otherwise, "it would follow that an original decree might in effect be brought before the Supreme Court for re-examination after the period prescribed by law for an immediate appeal. . . In other words, the party complaining of the original decree would, in this way, be permitted to do indirectly what the statute has prohibited him from doing directly." The time allowed for filing the notice of appeal is now thirty days after the entry of the decree. Ark. Stat. Ann. § 27-2106.1; *Pinnacle Old Line Ins. Co.* v. *Ellis,* 228 Ark. 458, 307 S. W. 2d 882 (1957). Hence the present bill of review was filed out of time.

Affirmed.