Lee Ray OWEN, Executor, et al
*v.* Opal OWEN

79-287                                    592 S.W. 2d 120

Opinion delivered January 14, 1980
(In Banc)

*Gary E. Johnson,* for appellants.

*Max B. Harrison,* for appellee.

JOHN I. PURTLE, Justice. The will of John F. Owen was admitted to probate on June 11, 1976. His widow subsequently elected to take against the will. May 18, 1978, the probate court assigned dower and homestead rights to the widow and directed certain payments be made to her. Certain properties were ordered sold to satisfy the widow's claims. May 15, 1979, the court directed the executor to comply with the order of May 18, 1978. On June 12, 1979, the executor appealed from the order of May 15, 1979.

For reversal appellant claims article 9 § 6 of the Constitution of Arkansas is violative of the Fourteenth Amendment to the Constitution of the United States and further that the following Arkansas statutes are unconstitutional: Ark. Stat. Ann. § 60-501 (Repl. 1971), Ark. Stat. Ann. §§ 61-201, 61-202, 61-203, 61-207, 61-210, 61-228, 61-229 (Repl. 1971), and Ark. Stat. Ann. § 62-2501 (Repl. 1971). The allegation is these statutes are unconstitutional because they arbitrarily discriminate on the basis of gender. We affirm the trial court because a timely appeal was not filed.

The facts reveal John F. Owen executed a will on June 21, 1972, in which he left all his bounty to his wife, Mildred Owen. The will provided, in the event Mildred did not survive him, his bounty would be divided equally between the eight children born to decedent and Mildred. Mildred predeceased the decedent and he married Opal sometime before he died on May 28, 1976. His original will was not revoked during his lifetime. The record as abstracted does not show how long decedent and appellee were married. In any event, his will was admitted to probate on June 11, 1976, at the request of his son, Lee Ray Owen, who had been nominated as executor in the will.

Inventory of the estate was filed on December 7, 1976. The next item abstracted in the record is a memorandum brief filed by appellant on November 8, 1977, in which he alleged the appellee already owned a homestead, left by her former husband. The memorandum also alleged Opal Owen had abandoned the homestead in decedent's estate. The argument was apparently based upon the provisions of article 9 § 6 of the Constitution of Arkansas. The thrust of the

argument contained in the memorandum was that appellee could not claim two homesteads.

November 23, 1977, the court ordered the claimed homestead exonerated from an existing mortgage in view of the solvency of the estate. May 19, 1978, the court entered an order pursuant to a final hearing before the court on the petition of Opal Owen for dower and homestead rights in the properties of decedent. This order assigned the widow one-third of all personal properties of the estate and ordered the sale of all real properties, including the selected homestead, and that the widow be paid $2,500 from the proceeds of said sale for the purpose of acquiring another homestead. Also, the order directed payment to the widow of certain sums as her share of rents which had been collected by the estate.

Nothing further appears to have occurred until the order of May 15, 1979, wherein the court directed compliance with its former order of May 18, 1978. By this time additional rents had been collected and these were apportioned in accordance with the prior order of the court. The court noted the objections of appellant as to the constitutionality of the dower and homestead statutes. Obviously an appeal was filed although it is not noted in the abstract or brief. The record does not disclose whether the estate has been closed.

Although the appellant makes excellent arguments concerning the constitutionality of certain provisions of the constitution and the laws, we do not reach them because there was no timely appeal. Ark. Stat. Ann. § 62-2016 (Repl. 1971) provides for appeals to the supreme court in matters relating to decedents' estates:

a. . .

b. . .

c. When an appeal is taken with respect to any appealable order in the administration of a decedent's estate, made prior to the order of final distribution, other than an order admitting or denying the probate of a will or appointing or refusing to appoint a personal representa-

tive, the Probate Court or Supreme Court may in its discretion order that the appeal be stayed until the order of final distribution is made and that the appeal be heard only as a part of any appeal which may be taken from the order of final distribution. This subsection shall not apply to guardianships.

d. When an appeal is taken from the order of final distribution in the administration of a decedent's estate, all prior appealable orders and judgments to which the appellant has filed objections in writing within sixty (60) days after the order of judgment was rendered and from which an appeal has not theretofore been taken, except orders admitting or denying the probate of a will or appointing a personal representative shall, at the election of the appellant, be reviewed. The appellant shall indicate such election by clearly stating in the appeal the orders which he desires to have reviewed.

. . .

Section (g) provides that appellate procedures applicable to equity cases will be applied except as stated in the act. The exceptions are those stated above.

The order of May 18, 1978, was final as to the dower and homestead rights of appellee and was an appealable order. Ark. Stat. Ann. § 27-2101 (Repl. 1979) and Ark. Stat. Ann. § 62-2016 (Repl. 1971). *Boyd* v. *Bradley,* 239 Ark. 120, 388 S.W. 2d 107 (1965); *Johnson* v. *Johnson,* 243 Ark. 656, 421 S.W. 2d 605 (1967); *Smith* v. *Smith,* 235 Ark. 932, 362 S.W. 2d 719 (1962); and *Watkins* v. *Watkins,* 242 Ark. 200, 412 S.W. 2d 609 (1967).

Whether the 30 day (Ark. Stat. Ann. § 27-2106.1 (Repl. 1979) ) or 60 day (Ark. Stat. Ann § 62-2016 (Repl. 1971) ) time limit for appeal applies is of no consequence because appellant complied with neither. Based upon the record before us we have no choice but to affirm the decree of the court entered herein on May 18, 1978.

Affirmed.

S<span>TROUD</span> AND M<span>AYS</span>, JJ, not participating.