IN THE MATTER OF THE ESTATE OF EVELYN
WILKINSON, Deceased

92-1233                                            843 S.W.2d 316

Supreme Court of Arkansas
Opinion delivered December 14, 1992

*Bill G. Wells*, for appellant.

*Murray Claycomb* and *Clark W. Mason*, for appellee.

PER CURIAM. Mildred "Baby" Simmons petitions the court for a rule on the clerk. The clerk refused to file her record because it was not tendered within the time set by Ark. R. App. P. 5. She contends that her attorney had open heart surgery, and such surgery constitutes sufficient "unavoidable casualty" for us to grant the rule on the clerk. The argument is without merit.

The trial court signed the final order on February 28, 1992, and it was entered on March 9, 1991. An extension of time

was granted by the trial court, but the record was due in the clerk's office no later than seven months from the entry of the final judgment. Ark. R. App. P. 5(b). A trial court cannot extend the time for the filing of the record to a date more than seven months from the date of the entry of the judgment, except in event of a postjudgment motion under Rule 4(b), and in that case it is seven months "from the date on which a timely post judgment motion under Rule 4(b) is deemed to have been disposed of." Here, there was no postjudgment motion. The petitioner had only seven months from the entry of the final judgment. When an appellant seeks an extension of time beyond the seven months to file his or her record, his or her remedy is to file a partial record in the supreme court and seek an extension for a compelling reason, such as an unavoidable casualty. *Yent v. State*, 279 Ark. 268, 650 S.W.2d 577 (1983). That was not done in this case, and we decline to grant the motion. We also note that the petitioner's attorney had his open heart surgery in April of 1992, and the deadline was not until October of 1992.

◾ In her motion the petitioner cites the case of *Pentron Corp. v. Delta Steel & Construction Co.*, 286 Ark. 91, 689 S.W.2d 539 (1985), and while that case is not applicable to the case at bar because it deals with the date a record is due in the clerk's office after a posttrial motion, we take this opportunity to correct a misstatement in one of the sentences in *Pentron*. There, we stated that after a posttrial motion, the appellant has seven months "from the notice of appeal" to file the record in the clerk's office. The opinion should have stated that the appellant has seven months "from the date on which a timely postjudgment motion under Rule 4(b) is deemed to have been disposed of under Rule 4 (c)." *See* Ark. R. App. P. 5(b).

Motion denied.