Mildred SIMMONS *v.*
ESTATE OF Mary Evelyn WILKINSON, Deceased

94-281                                        885 S.W.2d 673

Supreme Court of Arkansas
Opinion delivered October 24, 1994

*Wells Law Offices*, by: *Bill G. Wells*, for appellant.

*Haley, Claycomb, Roper & Anderson*, by: *H. Murray Claycomb*, for appellee.

ROBERT H. DUDLEY, Justice. Evelyn Wilkinson, the decedent, executed a will leaving her estate in trust for her brother. At his death the trustee was to distribute $10,000 to Mildred Sim-

mons, appellant, and the remainder of the trust to the First Presbyterian Church in Warren. About four hours before her death, Evelyn Wilkinson attempted to make a codicil to her will. Appellant contends the codicil left $40,000 to her. The probate court found the alleged codicil was illegible. Appellant also contends that she reached a settlement with the church, and, under its terms, the church disclaimed any interest in the estate. The probate court found there was no settlement. On March 9, 1992, the probate court entered an order admitting the will to probate, refusing to probate the illegible codicil, and denying that the church had disclaimed its interest.

Appellant recognized that the order was a final order and sought to appeal. However, she failed to file her record within the time provided by Rule 5 of the Arkansas Rules of Appellate Procedure. She subsequently tendered the record and filed a motion for a rule on the clerk. We denied the motion. *In re Estate of Evelyn Wilkinson*, 311 Ark. 311, 843 S.W.2d 316 (1992).

Appellant went back to the probate court and filed a "motion to increase distribution" to her. Her arguments were that she should receive an increased distribution either because of the codicil or because the church disclaimed its interest. The probate court ruled that the claim was barred by the doctrine of res judicata. Appellant again appeals. We affirm.

■■ The probate code contains the provisions that govern the time for appeal from orders of the probate court. *Pickens* v. *Black*, 316 Ark. 499, 872 S.W.2d 405 (1994). Section 28-1-116(a) of the Arkansas Code Annotated of 1987 provides that appellant had a right to appeal the order denying admission of the codicil. Appellant's claim that the church disclaimed its interest was an argument that the church was barred from any participation in probate. Appellant obviously believed it was necessary to appeal both parts of the order within thirty days of its entry. She attempted to do so, but failed to comply with the Rules of Appellate Procedure, and her appeal was dismissed. Consequently, the order became final.

■ Appellant contends in this appeal that, even though she failed to timely perfect her first appeal, she could raise the same arguments a second time and appeal a second time. She

contends that because her first appeal was dismissed, rather than decided on the merits, the doctrine of res judicata is inapplicable. The argument overlooks the provisions of the statute. One in particular provides:

> When an appeal is taken from the *order of final distribution* in the administration of a decedent's estate, all prior appealable orders and judgments to which the appellant has filed objections in writing within sixty (60) days after the order or judgment was rendered and from which an appeal has not been taken, *except orders admitting or denying the probate of a will* or appointing a personal representative, shall be reviewed at the election of the appellant. The appellant shall indicate the election by clearly stating in the appeal the orders which he desires to have reviewed.

Ark. Code Ann. § 28-1-116(d) (1987).

This second appeal is not an appeal from the final order of distribution. The appeal has nothing to do with the manner of administration. Rather, it is an attempt to appeal for the second time the order denying probate of the codicil and denying that the church disclaimed its interest. It is not timely. Appellant seeks to do indirectly that which the statute does not permit her to do directly. *See Widmer* v. *Widmer*, 292 Ark. 384, 729 S.W.2d 422 (1987); *Owen* v. *Owen*, 267 Ark. 532, 592 S.W.2d 120 (1980).

In a comparable chancery court case, *Watkins* v. *Watkins*, 242 Ark. 200, 412 S.W.2d 609 (1967), neither party appealed from the final decree. Subsequently, one party filed a bill of review and upon its denial sought to appeal. We affirmed the chancellor's dismissal and wrote:

> Under our holding in *Pyles* v. *Holland*, 187 Ark. 550, 60 S.W.2d 1029 (1933), the chancellor was right. There we held that a bill of review such as this one, for error supposedly apparent on the face of the record, must be filed within the time allowed for an appeal. We pointed out that if the rule were otherwise, "it would follow that an original decree might in effect be brought before the Supreme Court for re-examination after the period prescribed by law for an immediate appeal. . . In other words,

the party complaining of the original decree would, in this way, be permitted to do indirectly what the statute has prohibited him from doing directly."

*Id.* at 201, 412 S.W.2d at 610.

The probate court correctly ruled the arguments were barred by the doctrine of res judicata.

Affirmed.