Cite as 2023 Ark. App. 200

# ARKANSAS COURT OF APPEALS

DIVISIONS I & IV

No. CV-20-693

|  |  |
|---|---|
| BRINKLEY SCHOOL DISTRICT<br><br>APPELLANT<br><br>V.<br><br>THE TERMINIX INTERNATIONAL COMPANY, L.P.; TERMINIX INTERNATIONAL, INC.; SERVICEMASTER CONSUMER SERVICES, L.P.; SERVICEMASTER MANAGEMENT SERVICES, INC.; AND RODNEY GLENN LLOYD<br><br>APPELLEES | **Opinion Delivered** April 12, 2023<br><br>APPEAL FROM THE MONROE COUNTY CIRCUIT COURT<br>[NO. 48CV-20-44]<br><br>HONORABLE CHRISTOPHER W. MORLEDGE, JUDGE<br><br>AFFIRMED |

**BRANDON J. HARRISON, Chief Judge**

The Brinkley School District says it contracted with the appellees to obtain termite-prevention services, and a dispute arose over obligations under the contract. On 13 March 2018, after learning that buildings owned by the school district had become infested with termites, the school district filed a complaint, which it later amended. (We call that filing the 2018 complaint). The amended complaint named all the current appellees: Terminix International Company, L.P.; Terminix International, Inc.; ServiceMaster Consumer Services, L.P.; Rodney Glenn Lloyd; and ServiceMaster Management Services, Inc.

The 2018 complaint was dismissed by the Monroe County Circuit Court on statute-of-limitations grounds, and the school district appealed. After filing the record on appeal, the school district faced motions to dismiss its appeal from the appellees. We granted the motions, and dismissed the school district's appeal with prejudice, for reasons provided in a per curiam opinion. *Brinkley Sch. Dist. v. Terminix Int'l Co., L.P.*, 2019 Ark. App. 445, at 11–13, 586 S.W.3d 694, 699–700 (per curiam) (*Brinkley I*). That happened in October 2019.[1]

Seven months after our dismissal of the school district's prior appeal, the school district filed a new complaint against all the current appellees and raised four of the same claims it had in the 2018 complaint, with the addition of an unjust-enrichment claim based on substantially similar allegations. The refiled complaint, which we call the 2020 complaint, was dismissed with prejudice by the circuit court after the appellees filed motions to dismiss. The primary thrust of the motions was that res judicata barred the refiled complaint because our dismissal of the *Brinkley I* appeal acted as an adjudication on the merit of the 2018 complaint. The circuit court agreed and dismissed the 2020 complaint. The school district appeals the circuit court's order.

This appeal tests the consequence of our dismissal with prejudice of the *Brinkley I* appeal. On de novo review, *Newsome v. City of El Dorado*, 2022 Ark. App. 118, at 9, 642 S.W.3d 628, 634, we affirm the circuit court's dismissal in this appeal (*Brinkley II*) because our dismissal of the school district's prior appeal (*Brinkley I*) acted as an adjudication on the

---

[1]The school district sought review in the Arkansas Supreme Court and was denied on 19 December 2019.

merit of the 2018 complaint. Therefore, the refiling of the complaint in 2020 is barred by res judicata.

*Res judicata.* We focus here on one facet of the doctrine, which is claim preclusion.

> The claim-preclusion aspect of res judicata bars relitigation of a claim in a subsequent suit when five factors are present: 1) the first suit resulted in a final judgment on the merits; 2) the first suit was based upon proper jurisdiction; 3) the first suit was fully contested in good faith; 4) both suits involve the same claim or cause of action; 5) both suits involve the same parties or their privies.

*Winrock Grass Farm, Inc. v. Affiliated Real Est. Appraisers of Ark., Inc.*, 2010 Ark. App. 279, at 6–7, 373 S.W.3d 907, 912. The only contested element of claim preclusion in this case is the first one—whether *Brinkley I* resulted in a final judgment on the merits that would preclude this lawsuit. As we have said, it did. Here's why.

When an appeal is dismissed with prejudice, the underlying order becomes final and binding. *Simmons v. Est. of Wilkinson*, 318 Ark. 371, 372, 885 S.W.2d 673, 674 (1994); *Nat'l Enters., Inc. v. Lake Hamilton Resort, Inc.*, 355 Ark. 578, 589, 142 S.W.3d 608, 614–15 (2004). This court recently held in a child-custody case that res judicata can be approached flexibly in situations where the welfare of a child is a consideration. *See Holmes v. Jones*, 2022 Ark. App. 517, at 3–4, 658 S.W.3d 462, 465–66. One of our colleagues takes issue with *Holmes*. In our view, we need not address *Holmes* today because no "flexible" analysis is warranted in this termite-services contract case. Moreover, the Arkansas Supreme Court decided the main issue in this appeal when it decided *Simmons* and *National Enterprises*.

In *Simmons*, the probate court held that an alleged codicil that would have enlarged the appellant's interest in a decedent's estate was illegible and refused to probate it. The

3

appellant filed a notice of appeal but failed to timely lodge the record. 318 Ark. at 372, 885 S.W.2d at 674. So the appeal was dismissed. Later, the appellant moved the probate court to increase her distribution from the estate, in part because of the codicil. The court denied the motion, ruling that it was barred by res judicata. There was a second appeal, and the supreme court agreed with the probate court: the first order became a final judgment on the merits of those issues when appellant had failed to lodge her appeal record timely and the appeal was dismissed. *Id.* at 372–73, 885 S.W.2d at 674–75.

In *National Enterprises*, a dispute between owners of neighboring lakeside developments, the appellant attempted to appeal a chancery order that dissolved an injunction regarding access to utilities and parking, but the appellant did not timely lodge the record. 355 Ark. at 584, 142 S.W.3d at 611–12. That oversight ended the first appeal. Years on, the former appellant moved the now circuit court to include access to utilities and parking in an easement by necessity for ingress and egress over the same property. *Id.* at 585, 142 S.W.3d at 612. The circuit court denied the request. *Id.* The plaintiff appealed, and the appellees moved to dismiss the appeal. The supreme court dismissed the portions of the appeal that attempted to attack the dissolved injunction related to utilities and parking. *Id.* at 589, 142 S.W.3d at 614–15. The supreme court held that the order was not appealed because the record was not lodged timely; therefore, "the order became final and binding on all the parties." *Id.* at 587, 142 S.W.3d at 613. The supreme court stated, "Where there has been an attempt to appeal, and due to an appellant's failure to properly docket the appeal, the attempt fails, we conclude that the trial court's order on that matter is final and not subject to a later review on appeal." *Id.* at

4

589, 142 S.W.3d at 614–15 (citing *Simmons*, *supra*, as holding that "a party will not be allowed to appeal indirectly a second time after [the] first appeal is dismissed due to untimeliness").

This court held in *Brinkley I* that the school district did not timely appeal the *Brinkley I* dismissal order. Therefore, the appeal was dismissed with prejudice (expressly so). *Brinkley I*, 2019 Ark. App. 445, at 11, 586 S.W.3d at 700. Like the appellants in *National Enterprises* and *Simmons*, the school district failed to timely perfect an appeal in *Brinkley I*, so the underlying order became final when this court dismissed that appeal with prejudice. Despite the school district's arguments to the contrary, "[f]inality for purposes of appeal is closely related to finality for purposes of res judicata." *Crockett & Brown, P.A. v. Wilson*, 314 Ark. 578, 582, 864 S.W.2d 244, 246 (1993). This must be so, or "a plaintiff could clog the courts and harass an adversary with suits on a claim already decided. That is the precise result *res judicata* is designed to prevent." *Id.*

*Conclusion.* The dismissal of the *Brinkley I* appeal by this court is a final judgment on the merit of the 2018 complaint that was dismissed in *Brinkley I*. Because it was "finally adjudicated" by this court's dismissal of that appeal, the 2020 complaint involving the same parties and transactional events is barred by res judicata. The circuit court's judgment is therefore wholly affirmed.

Affirmed.

VIRDEN, KLAPPENBACH, HIXSON, and MURPHY, JJ., join.

GLADWIN, J., concurs.

5

**ROBERT J. GLADWIN, Judge, concurring**. While I agree with the majority's decision to affirm this case, I write separately to point out a conflict with previous case law that I believe creates a potential pitfall for the bench and bar of Arkansas.

In its initial argument to this court, Brinkley School District argues that justice and equity demand that the appellant be given the opportunity to fully and fairly adjudicate the claims the circuit court barred by res judicata. It argues that there will be an occasional case in which it would be unjust to strictly construe a rule of law. To support this position, appellant cites *Little Rock & Ft. Smith R.R. Co. v. Perry*, 37 Ark 164 (1881). However, that 142-year-old case does not support the appellant's position in this case. *Perry* deals with the clean-up doctrine during a time when Arkansas had both courts of law and equity; it does not involve the application of res judicata. In essence, the appellant argues that appellate courts should apply an equitable standard to determine whether res judicata applies.

Here, the majority fails to address the issue of an equitable application of res judicata. By its silence, the majority summarily rejects appellant's proposition that an equitable standard should apply to res judicata. The majority is correct in rejecting such an argument. However, recently this court took a completely contrary position concerning an equitable or flexible application of res judicata. In *Holmes v. Jones*, 2022 Ark. App. 517, 658 S.W.3d 462, this court encouraged circuit courts to take a more flexible approach to res judicata in order to track with the spirit of the law. Accordingly, a balancing test was set forth to determine if res judicata should apply.

In *Holmes*, the parties were divorced by an uncontested decree that stated no children were born of the marriage. However, a child had been born one month prior to the entry of the decree. Four years later, Jones moved to reform the decree to reflect the birth of the child. Holmes argued that res judicata barred any reformation of the decree. The circuit court reformed the decree to reflect the birth of the child. On appeal—without any argument from the appellee—this court affirmed, ignoring established precedent, and propounded a flexible approach to the res judicata standard.[1] In completely ignoring established precedent, the *Holmes* court rejected a strict application of res judicata because it did not track with "the spirit of the law."

It appears to me that our present case falls squarely within the parameters to address this standard. Unlike the appellee in *Holmes*, the Brinkley School District specifically argues that an equitable approach to res judicata should apply. Second, the *Holmes* opinion failed to limit the holding to specific facts of that case. Therefore, I submit that in looking at the spirit of the law (whatever that may mean),[2] the failure to protect the Brinkley School District students from termites would seem to be as significant as the paternity of one child. Further, an equitable view of res judicata would seem more appropriate when the case is barred by an attorney's negligence rather than a party's false representation to the circuit court.

---

[1]The majority in *Holmes* disregarded *McCormac v. McCormac*, 304 Ark. 89, 799 S.W.2d 806 (1990); *State Off. of Child Support Enforcement v. Williams*, 338 Ark. 347, 995 S.W.2d 338 (1999); *Hardy v. Hardy*, 2011 Ark. 82, 380 S.W.3d 354; and *Pott v. Stattles*, 2011 Ark. App. 685, 386 S.W.3d 623. These are the cases cited in the majority opinion.

[2]I submit that when a lawyer argues that a court should look to the spirit of the law, that suggests the lawyer can find no statute or case law to support his or her position.

The majority's failure to squarely address the language in *Holmes* creates a conflict in the case law concerning whether there is an equitable or flexible application of res judicata. Surely this court is not suggesting that the application of res judicata is dependent upon the cause of action that is litigated or, even worse, the result of the litigation at the circuit court level.  I would explicitly and unequivocally repudiate the language in *Holmes*. I further suggest to the bench and bar that the majority's failure to address *Holmes* is a tacit repudiation of *Holmes*.  Obviously, if the majority thought there was any merit to the idea of an equitable application to res judicata, it would have reversed and remanded this case to look at the spirit of the law and apply an equitable application to this case.[3]

*Davidson & Associates, P.A.*, by: *Bobby D. Davidson*; *John Walker, P.A.*, by: *Lawrence A. Walker*; and *Campbell Law PC*, by: *Thomas F. Campbell*, for appellant.

*Monson, Rowlett, Moore & Boone, P.A.*, by: *Kara B. Mikles*; and *Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*, for separate appellees The Terminix International Company, L.P.; Terminix International, Inc.; Servicemaster Consumer Services Partnership; and Rodney Glenn Lloyd.

*Barber Law Firm, PLLC*, by: *A. Cale Block* and *Adam D. Franks*, for separate appellee Servicemaster Management Services, Inc.

---

[3]I note that two members of today's majority took a completely contrary position in the *Holmes* majority.