Cite as 2025 Ark. App. 296

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-24-317

|  |  |
|---|---|
| CALVIN CARRICK<br><br>APPELLANT<br><br>V.<br><br>MID ARK OUTSIDE STORAGE LLC<br><br>APPELLEE | **Opinion Delivered** May 7, 2025<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTH DIVISION [NO. 60CV-22-7813]<br><br>HONORABLE HERBERT WRIGHT, JUDGE<br><br>**AFFIRMED** |

## WAYMOND M. BROWN, Judge

Appellant Calvin Carrick brings this pro se appeal from the Pulaski County Circuit Court's order denying his motion to compel return of personal property or judgment for the value thereof. We affirm.

This matter began on November 14, 2022, as a complaint in unlawful detainer related to Carrick's rental of a commercial storage lot from appellee Mid Ark Outside Storage LLC ("Mid Ark"). The complaint alleged that following Carrick's failure to pay rent, Mid Ark gave notice to Carrick to vacate the property; he failed to do so. On November 21, Carrick filed an answer and counterclaim for breach of contract, false business records, defamation, and abuse of legal process with intent to harass. On November 22, Mid Ark filed an amended complaint in unlawful detainer, a request for admissions, and an answer to and motion to dismiss Carrick's counterclaim. Carrick's

counterclaim was dismissed on December 15 for failure to respond to Mid Ark's motion to dismiss in a timely manner.

On December 28, Mid Ark moved to deem its November 22 request for admissions admitted and for immediate possession. Carrick responded on January 5, 2023, stating that "[t]he only admission [he] makes is to incorrectly tabulating the days to respond to motions, only counting business days. This was [his] mistake."

Following the February 14 hearing on the unlawful-detainer complaint, on February 23, judgment was entered in favor of Mid Ark. The circuit court deemed Mid Ark's request for admissions admitted as the result of Carrick's failure to timely respond. The court found that the request for admissions resolved all material issues of fact in favor of Mid Ark, Carrick unlawfully detained the property, and Mid Ark is entitled to immediate possession of the premises. The circuit clerk was ordered to enter a writ of possession for the property, and Mid Ark was awarded $1700.00 for compensatory damages and $5100.00 for treble damages in addition to the recovery of filing, service, and attorney's fees in the amount of $2162.50. Carrick was ordered to, within forty-five days of entry of the judgment, file with the court clerk a schedule, verified by affidavit, of all of his property, both real and personal, including money, bank accounts, rights, credits, and choses in action held by himself or others for him and specify the particular property that he claims as exempt under the provisions of the law.

Carrick moved for a new trial, stating that he filed a Freedom of Information Act ("FOIA") request for the audio recording of the February 14 hearing and alleging that Mid Ark committed fraud. Mid Ark responded, stating that Arkansas Rule of Civil Procedure 59 governs new-trial motions, and Carrick failed to state a Rule 59 basis for new trial. The motion for new trial was

2

denied by order entered on February 28. Carrick filed a notice of appeal on March 8. This court granted Mid Ark's motion to dismiss the appeal on August 25 because Carrick failed to submit a timely and complete record.

On October 30, Mid Ark moved for an order of abandonment. Mid Ark stated that since the February 23 judgment, Carrick had failed to remove his property from the storage lot. As such, the property was abandoned, and Carrick no longer had a right to the property. Mid Ark also filed a motion to compel and for contempt alleging that Carrick had failed to comply with the February judgment's provision requiring him to submit a schedule of assets. Mid Ark stated its belief that the failure to comply was an attempt to hide assets to avoid payment of the judgment. Carrick responded, denying that he had abandoned the property or was hiding assets. On January 25, 2024, the circuit court entered an order to compel Carrick to file his schedule of assets by January 29. The court also entered an order of abandonment, granting Mid Ark ownership of the property Carrick left on its premises, deeming that the property had been abandoned. Carrick filed his schedule of assets on January 29.

Then, on February 5, Carrick filed a motion to compel return of personal property or judgment for the value thereof, stating that Mid Ark "manipulated, converted, and stole [ ] Carrick's personal property, without lawful jurisdiction or any court order to do so." The circuit court denied Carrick's motion. This denial is the subject of the appeal before this court.

First, we address Mid Ark's contention that the appeal should be dismissed without reaching the merits of Carrick's arguments. Mid Ark argues that, among other things, Carrick failed to timely tender his brief on appeal.

3

Our review has confirmed that Carrick's appellate brief was timely filed. Carrick filed this appeal and lodged a record on May 16, 2024. The appellant shall, within forty days of lodging the record, file the appellant's brief with the clerk.[1] Accordingly, Carrick's brief was due on June 25. On that date, he attempted to tender his brief, but it was rejected. The clerk of this court granted Carrick an extension of time, until July 9, to correct the brief. Carrick tendered his corrected brief on July 9. Therefore, it is timely.

For reversal, Carrick argues that the circuit court erred in denying his motion to compel the return of his personal property. He contends that Mid Ark's unlawful-detainer complaint contained "countless lies, misrepresentations, and false allegations" and was "wholly fraudulent." Carrick, referencing statements made during the February 14, 2023, unlawful-detainer hearing, further alleged judicial bias, lack of impartiality, perjury, and due-process violations. Carrick argues that Mid Ark's motion for abandonment contained the same "predictable misrepresentations." He claims that on March 23, 2023, he attempted to retrieve his property from Mid Ark's lot; however, Carrick filed a police report when Mid Ark prevented him from accessing the storage lot, stating he was banned from the property.[2]

---

[1]*See* Ark. Sup. Ct. R. 4-4(b).

[2]The police report indicates that officers responded to a dispute at Mid Ark's storage facility. Carrick claimed he was attempting to retrieve approximately twenty vehicles that he had been storing on the lot, but Mid Ark would not allow him to do so. Mid Ark informed officers that the matter had already been settled in court and that Mid Ark now owned the property. The report states that officers utilized the CourtConnect database and confirmed Mid Ark had been awarded ownership of the property Carrick left on the lot. Carrick was advised that he was banned from the property and would be arrested if he returned.

4

Carrick additionally argues that he was denied access to his property on January 19, 2024. He claims that in a phone-conference hearing held on January 18, the circuit court gave him seven days to retrieve his personal property. Carrick states that when he arrived at the storage facility on January 19, "he found much of his personal property missing." Carrick contacted police and filed a theft-of-property report. He maintains that this is a case of "scams gone wild" "with the aid of a biased court acting as an accessory and essentially covering up the fraud." Carrick states that this "entire case was a fraud-based scheme to steal" and was rife with "dishonest legal shenanigans."

Carrick's appeal is an attempt to relitigate issues that have already been decided. On February 23, 2023, the circuit court entered judgment in favor of Mid Ark, finding that Carrick unlawfully detained the property and that Mid Ark was entitled to immediate possession of the premises, and it ordered monetary damages and the issuance of a writ of possession. Carrick attempted to appeal; however, the appeal was dismissed for failure to submit a timely and complete record. Consequently, the underlying order became final and binding.[3] Carrick's arguments on appeal challenge the validity of the facts, proceedings, and findings contained in, and as a result of, the initial unlawful-detainer complaint. Clearly, Carrick's appeal is an attempt to relitigate issues that have already been decided. In *Simmons*,[4] appellant's appeal of her interest in a decedent's estate was dismissed for failure to timely lodge the record. Appellant then filed a motion with the probate court seeking to increase her estate distribution. The court denied the motion, ruling that it was barred by res judicata. On appeal, our supreme court held that the first order became a final judgment on the

---

[3] *See Simmons v. Est. of Wilkinson*, 318 Ark. 371, 885 S.W.2d 673 (1994).

[4] *Supra*.

merits of those issues when appellant failed to timely lodge her appeal record, and the appeal was dismissed. We reach the same result here.

Moreover, notwithstanding the February 23, 2023 judgment and the dismissal of the appeal therefrom, an order of abandonment was subsequently entered in the circuit court on January 25, 2024. The abandonment order deemed any property left on Mid Ark's premises by Carrick legally abandoned if not removed by noon on January 25 and granted Mid Ark ownership of any property left on the premises after the aforementioned time. Carrick did not appeal from that order. His notice of appeal designates only the order denying his motion to compel the return of his personal property. The failure to pursue an appeal of the abandonment order prevents him from now challenging a subsequent order that denied his motion for the return of the property deemed abandoned. Any subsequent argument along those same lines is barred by res judicata.[5] Because the matter of ownership of the property at issue was decided in the nonappealed abandonment order, and the essence of Carrick's argument in the appeal before this court is an improper attack on a final order, we affirm.

Affirmed.

VIRDEN and HIXSON, JJ., agree.

*Calvin Carrick*, pro se appellant.

*Prater Law Firm, PLLC*, by: *Paul Prater*, for appellee.

---

[5]*Hunt v. Perry*, 357 Ark. 224, 162 S.W.3d 891 (2004).